### STATE OF MISSOURI v. GEORGE CORWIN.

1.   Where the legislature have specified a "bill plaint, or information"
     as the mode of recovering a fine or penalty, an indictment will not lie.

*Hudson*, circuit attorney:

1st. The indictment is sufficient, both in form and sub-
stance: see 3 Bac. Abr. title Judgment 542 and 1 to 60;
C. P. title Judgment; Chitty's Criminal Law, title Judg-
ment, 163.

2d. The offence charged in the indictment is an indict-
able offence under our statute: see Revised Laws, 292,
sec. 8, ib. 481, sec. 25.

3d. That an information though mentioned as one of
the remedies in the statute concerning grocers, could not
be maintained for a breach of said statute, as there is no
mode of practice prescribed by the statute of this State,
for proceeding by *information*, and if we pursue the com-
mon law practice, the same could not be sustained; 3 Blk.
Comm. p. 308; Arch. C. P. p. 69–75 and 6; 3 Bac. Abr.
635.

4th. The legislature must have mistaken the meaning
of the word *plaint*, nor could they intend that penalties
for violations of said statute should be recovered by *plaint*,
as a plaint is a civil proceeding, and not known to the laws
of any country as a criminal proceeding. The act re-
quires that the plaint should be found by the grand jury
without having prescribed the mode of proceeding to be
pursued after the finding; see 3 Blk. Comm. 273, S. P.

5th. The proceedings by *bill*, mentioned as one of the
remedies, includes, and means, a *bill of indictment*, as there
is no other kind of bill known in criminal proceedings re-
quired to be found by the grand jury, except bill of indict-
ment and presentment, therefore this must be an indictable
offence; see Tolm. Law Dictionary, 230; Jacobs do. title
Bill, 3 Inst. 30. For the above, and divers other errors,

the plaintiff pray the judgment of the circuit court may be reversed, &c.

*Bird*, attorney for defendant:

This was an indictment drawn up under the act to licence grocers; see Rev. Code of Mo. 1835, p. 291.

The indictment was quashed:—The court below observing that he was bound to quash it according to the opinion of the supreme court; in a case in point, Journey vs. the State, 1 Mo. Dec. p. 428.

The short answer to all the arguments urged below is this:—The legislature did not intend to make this an indictable offence: if they had, they would not have provided for proceeding by information, because the constitution provides that no one shall be proceeded against criminally by information for an indictable offence, &c.; sec. 14, of our declaration of rights.

Journey had judgment against him, from which he appealed, and in the supreme court the judgment was reversed, and this principle was decided that where a new offence is created by statute, and a particular method of proceeding given by the statute, that method alone must be pursued. On the revision of our laws in 1825, it was provided that where any fine or penalty was inflicted by any statute, the same may be recovered by indictment; see code of 1825, page 322.

This provision was repealed by the code of 1835; see section 33, page 384.

The act of 1835, to licence grocers, is almost a transcript of the act of 1820, under which the case of Journey was decided. In the case of 1835, it is proved that in all cases where any fine or penalty is, or shall, be imposed, by any statute in this State as a punishment for any offence, *and no other provision* is made for the recovery thereof, the same may be recovered by indictment; see code of 1835, sec. 25, p. 481.

The legislature in 1837, enacted that all fines, penalties, &c., might be recovered by indictment, although another method was provided in the law creating the offence.

The words "plaint, bill, or information," pointed out as the mode of recovering fines, &c., incurred under our act of 1835, to licence grocers, have had in the English courts such construction as was given to it by our court, in the case of Journey vs. the State; see 3 Bac. Abr. title indictment A, p. 554.

"But if the act be not prohibitory, but only that if any person shall do such a thing, he shall forfeit £5, to be re-

JUNE TERM
1837.

State v. Corwin.

covered by action of debt, bill, plaint, or information, he cannot be indicted for it, but the proceeding must be by action, plaint, bill, or information.' .

When we adopt words used in an English statute, we do it mostly because those statutes have received a construction setting the law, and intending that ours shall have the same construction; see Journey vs. the State, 1 Mo. Rep. 428.

Statement of the case and opinion delivered by McGIRK, Judge.

Corwin was indicted by the grand jury of the county of St. Louis for exercising the trade and business of a grocer, by selling spirituous liquors in less quantities than fifteen gallons, at a time, on the 1st of January, 1837.

Corwin, by his counsel, moved the court to quash the indictment, on the ground that the officence is not indictable by the laws of Missouri. The circuit court sustained the motion, and quashed the same, to reverse which the cause is brought here by a writ of error in behalf of the State. Mr. Bird, for the defendant, contends that inasmuch as the act on which this indictment is predicated, says, the penalties therein contained shall be recovered by bill ,plaint or information, and as an indictment is neither of those things, therefore the indictment is well quashed. Mr. Hudson, the circuit attorney, contends that an indictment is comprehended under the word *bill*, that an indictment is often in common parlance, and in legal language call a bill of indictment, and that the legislature meant the penalties might be recovered by bill of indictment. To prove this position correct, the circuit attorney has referred the court to Jacobs' Law Dictionary, title bill;— the defendant relies on the case of Journey v. the State; 1st vol. Mo. R. 428.

The act of 1835, Revised Code, page 291, declares who shall be grocers, and forbids them selling spirituous liquors in less quantities than fifteen gallons without a licence, and fixes the penalty at not less than $20, and not more than $100. The 8th section provides that it shall be the duty of the collector to collect the tax, and also to prosecute, for the recovery of all fines, penalties and forfeitures incurred under the act which shall, and may, be recovered, in the name of the State, to the use of the State, by plaint bill, or information, before any court of competent jurisdiction; or if the amount shall not exceed $90, before a justice of the peace. When we turn to Jacobs' Law Dictionary, we find under the word *bill*, several senses in

which the word has, in legal proceedings, been used;— the first is a bill in chancery, which is a petition to the chancellor, stating grievances, and asking redress. The second sense is, where a grand jury, upon a presentment, or indictment, find the same to be true, they endorse the same a true bill, or *billà vera*, and thereupon the offender is said to stand indicted. The third sense is, a proceeding in the King's Bench, called a proceeding by bill, or by a bill of *Middlesex*. This bill was nothing but a capias, issued out of the court of King's Bench, commanding the sheriff to take the body of the defendant and have it before the court of King's Bench, to answer the plaintiff for a trespass;—see 3 Blk. Com. 284–5. These are the only three senses in which, by the law, a bill has been understood to mean, a mode or form of complaint to a court of justice for any wrong done.

I am of opinion the legislature did not intend to recover these penalties by indictment:—

1st: Because this would be to suppose they either forgot, or misunderstood, the 14th section of the bill of rights of the State Constitution, which says, "That no person can, for an indictable offence, be proceeded against criminally, by information, except, &c." If the use of the term bill, in the statute, makes the offience indictable, then the remedy given by information cannot stand with it, and must fall, unless indeed it can be successfully established that a proceeding in this case by information for the forfeiture would not be a criminal proceeding. If, to understand the word *bill*, as meaning a bill of indictment, will involve the intention of the legislature in the above difficulty, it is right, and proper, to seek some other meaning for the word.

The second reason why I cannot agree that the legislature intended by the use of the word *bill*, to make the offence indictable is, that in the same section they say if the penalty does not exceed $90, the same may be recovered before a justice of the peace. Now, this proceeding is still before the justice to be by plaint, bill, or information.—Can a justice of the peace have a grand jury before him? I think all will agree he cannot. Yet he may entertain a plaint, which is nothing more than a petition setting out the plaintiff's complaint with a prayer of process, &c. He can entertain, and act, on an information, and also can issue process, and act on a capias, for trespasses, or for a breach of the statute, where there is to be a forfeiture or fine recovered. But admitting the course of proceeding by bill, is not so easy as by plaint and in-

JUNE TERM
1837.

Pierc Chouteau
and others,
Affirmed.

Where the legislature have specified a "bill, plaint or information," as the mode of recovering a fine or penalty, an indictment will not lie.

formation, yet these two remedies are always given. I will further say that these three remedies abound both in American and British statutes, and I have never yet seen a case where the use of the word *bill* was holden to authorize a proceeding by indictment.

I think the case above cited of Journey v. the State is rightly decided. The authorities there cited are supposed to be law, and the case before us is no way materially different from that case. It is established by those authorities as cited by Bacon, that where a new offence is created, and a particular method pointed out, for the prosecution thereof, if an indictment is not mentioned, it is excluded; and it is also said that if a statute give a recovery by action of debt, bill, plaint, or information, or otherwise, an indictment will lie. This must be by reason of the word *otherwise*, which, in my opinion, is well enough generally as a rule.

The judgment of the court below is affirmed, with costs.

Tompkins, J. I concur in the above opinion.