State of Missouri v. Huffschmidt.

*Appeal from St. Louis Circuit Court.*

*T. T. Gantt,* for respondent.

*W. H. H. Russell,* for appellant.

---

STATE OF MISSOURI, Defendant in Error, *v.* G. HUFFSCHMIDT, Plaintiff in Error.

1. *Indictments — Misdemeanors — Selling liquor on Sunday.* — There is no statutory provision now authorizing indictments for the offense of selling liquor on Sunday. The misdemeanor act of March 27, 1868 (Sess. Acts 1868, p. 81), by implication repealed section 30, chapter 207, Gen. Stat. 1865; and the act (Sess. Acts 1869, p. 69) repealing that of March 27, 1868, did not in terms restore said section, and can not do so by implication. (Wagn. Stat. 894, ₰ 3.)

But the offense is a statutory misdemeanor created by section 35, page 504, Wagn. Stat., and made subject to a fine not exceeding fifty dollars. Hence, under section 29, page 516, Wagn. Stat., the fine is recoverable in a civil action; and this particular method of proceeding being pointed out, must be pursued, and a common-law indictment will not lie.

*Error to First District Court.*

*Crews, Letcher & Laurie,* for plaintiff in error.

I. The indictment is based on section 35, chapter 206, Gen. Stat. 1865 (Wagn. Stat. 504), for the violation of which the law

originally provided two remedies: one by civil action before a justice of the peace (Wagn. Stat. 809, § 2; *id.* 516, § 29); the other by indictment in the Circuit Court (*id.*, §§ 30, 32). The act of 1868 (Sess. Acts 1868, p. 81) did not abolish both remedies. (See Const. of Mo., art. IV, § 32, and the title and provisions of the act itself.) Neither the title nor the body of the act touch the remedy by civil action. There being, then, a statutory remedy, and the offense being of a statutory creation, that remedy must be pursued, and indictment will not lie. (Riddick v. Governor, 1 Mo. 147; Journey v. State, *id.* 428; Williams v. State, 4 Mo. 480; State v. Corwin, *id.* 609; 4 Kent, 467, and notes; 3 Bac. 97, and notes.)

II. Section 2, page 809, Wagn. Stat., and sections 29 and 32, page 516, Wagn. Stat., are not inconsistent with the act of 1868, and were not repealed by it. And, as all the provisions may stand together, the rule of repeal by implication does not apply.

III. Though repealed February 24, 1869, the act of 1868 continued in force as to offenses committed prior to its repeal. (Wagn. Stat. 895, § 6.) The repeal did not affect the offense committed, nor the fine incurred, "but the trial and punishment of the offense and the recovery of the fine shall be had in all respects as if the provision had remained in force."

*H. B. Johnson*, Attorney-General, for defendant in error.

I. Under the General Statutes there were two remedies for the offense charged in this case. 1. By civil action before a justice of the peace. 2. By indictment (Gen. Stat. 1865, ch. 207, §§ 29, 30). By the act of 1868 (Sess. Acts 1868, p. 81) both of these remedies were abolished, and the remedy by information substituted in their place. This latter act was repealed (Sess. Acts 1869, p. 69), but neither of the former remedies were re-enacted, thus leaving the offense without any positive statutory remedy.

II. Where an act is made an offense by statute, which was not an offense at common law, and no remedy or mode of punishment is directed, it may be prosecuted by indictment or any

other common-law remedy adapted to the case. (1 Chit. Crim. L. 162; 5 Bac. Abr. 56; 2 Hawk, P. C., ch. 25, § 4; Rex v. Lainsbury, 4 T. R. 457; 1 Arch. Crim. Pr. & Pl. 4; Commonwealth v. Hawes, 15 Pick. 231; Wood v. Commonwealth, 12 Serg. & R. 213.)

III. But even if the remedy by civil action was not repealed, the offense would be indictable. Where the only statutory remedy for an offense created by statute is by civil action, the remedy by indictment is not excluded. (2 Hawk, P. C., *supra;* 5 Bac. Abr. 57.)

IV. And where an offense is created by statute, which was not an offense at common law, and a particular punishment or mode of proceeding is assigned, but such mode of proceeding is not prescribed by some clause or section of the statute which creates the offense, the remedy by indictment is not taken away, unless by express negative words. (1 Arch. Crim. Pr. & Pl. 4; 1 Russ. Crimes, 49, 50; 2 Hawk, P. C., *supra;* Doug. 441–6; 1 Burr. 445; State v. Thompson, 2 Strob. 12; King v. Harris, 4 Tenn. 205; Sedgw. Stat. & Const. Law, 406.)

BLISS, Judge, delivered the opinion of the court.

Defendant was indicted in Franklin county for selling liquor on Sunday, and demurred to the indictment, but was convicted, and appeals upon the ground that the offense is not an indictable one. The misdemeanor act of March 27, 1868, p. 81, by prohibiting indictments for misdemeanors, by implication repealed section 30 of chapter 207, Gen. Stat. 1865, which provided for indictments where a fine, penalty, or forfeiture was inflicted. The act repealing the act of March 27, 1868, did not in terms restore said section, and can not do it by implication (Wagn. Stat. 894, § 3); so we are without any statutory provision authorizing indictments in such cases.

The attorney-general contends, and so the court below held, that a statutory offense, where no remedy or mode of punishment is provided, may be prosecuted by indictment, or any other common-law remedy adapted to the case. That is a sound view, but will not avail the State in this case, from the fact that another

remedy is provided. Section 29 and the latter clause of section 32, Wagn. Stat. 516, expressly provide that when an offense shall be committed, punishable by a fine limited to $100, such fine may be recovered by civil action, to the use of the county, before a justice of the peace or in the Circuit Court. The offense charged is created by section 35, page 504, Wagn. Stat.; is declared a misdemeanor and subject to a fine not exceeding $50. Hence it becomes subject to the above provision, and the fine was recoverable by a civil action as well while the act of March 27, 1868, was in force, as before its passage or since its repeal. This remedy, then, by civil action being provided, will an indictment lie? The negative was held by this court in State v. Corwin, 4 Mo. 609, and in Williams v. State, id. 480, and in Journey v. State, 1 Mo. 428. The facts in these cases are sufficiently like those in the one at bar to involve the same principle, and the rule of the common law was applied to them. In accordance with such rule it was held that if an act which was not indictable at common law is prohibited by statute, and a particular method of proceeding is given by the statute, that method must be pursued, and an indictment will not lie unless expressly provided for by the act; although if the act is merely prohibited, and no method of proceeding is pointed out, an indictment will lie. In the revision of 1855 the offense with which defendant is charged is made so by the same act which provides for the civil remedy before spoken of; and, inasmuch as the section providing for an indictment has been repealed and not re-enacted, the civil remedy is alone left.

The other judges concurring, the judgment is reversed.