THE STATE OF MISSOURI, Defendant in Error, *v.* HERMAN WARNKE, Plaintiff in Error

1. *Criminal law — Indictment — Selling liquor on Sunday — Form of proceeding — Waiver.*— On indictment for selling liquor on Sunday, defendant submitted himself to the jurisdiction of the court and allowed judgment to go against him by voluntary confession and consent. The court had undisputed jurisdiction of the subject-matter of the indictment. *Held*, that it was competent for defendant to waive an objection urged against the form of the proceeding—as that it was by indictment instead of civil action. And having waived it in the trial court he could not raise it for the first time in the Supreme Court.

The State of Missouri v. Warnke.

*Error to Hannibal Court of Common Pleas.*

*W. H. & G. F. Hatch*, for plaintiff in error.

No plea of guilty or consent of the defendant can confer jurisdiction over the subject-matter or change the form of proceeding prescribed by law. This court has held that in cases like this the civil remedy is the only one that can be pursued by the State, and that the offense here committed is not indictable. (State v. Huffschmidt, 47 Mo. 73; McCall v. Peachy, 1 Call, 61–2; Wickliffe v. Dorsey, 1 Dana, 463; Kennedy v. Terrill, Hardin, 493; Case, etc., v. Wooley, 6 Dana, 20; Brown v. McKee, 1 J. J. Marsh. 476; McHenry's Lessee v. Wallen, 2 Yerg. 441; Anderson v. Cannon, 1 Cooke, 27; Lindell's Adm'r v. Hann. & St. Jo. R.R., 36 Mo. 345; Foley v. The People, 1 Breese, Ill., 32; Humphrey v. The State, 1 Minor, Ala., 65.)

When the complainant's bill, as in this case, shows that the court has no jurisdiction, no plea to the jurisdiction is necessary. (Moran & Haggin v. Masterson, 11 B. Monr. 19.)

No motion to quash the indictment or motion in arrest was necessary. (State v. Hammel, 5 Mo. 260.) And whatever may be taken advantage of in arrest of judgment may be corrected by writ of error. (State v. McKee, 8 Mo. 495; State v. Vaughn, 26 Mo. 29, 30.)

The most liberal construction of this statute is to reverse, if any error appears on the record; although no express decision was had on the exact point in the court below. (Hammel v. The State, 5 Mo. 265.)

The common-law remedy is superseded by the statute, and the person enjoined must pursue the course pointed out by the act. The statute remedy is not cumulative upon the common-law action, but an entire substitution for it, and must be exclusively pursued. (Lindell's Adm'r v. Hann. & St. Jo. R.R., *supra*; McCall v. The Justices of Clark County Court, 1 Bibb, 517; McCall v. Peachy, 1 Call, *supra*.)

*M. L. Hollister*, Circuit Attorney, and *Arthur B. Wilson*, for defendant in error.

The State of Missouri v. Warnke.

I. The Hannibal Court of Common Pleas, in which defendant was indicted, had jurisdiction both of the subject-matter and of the person of the defendant. (Wagn. Stat. 516, §§ 29, 32.)

II. The utmost that can be claimed for defendant is that the civil and not the criminal remedy should have been pursued. It presents merely a case of informality, the remedy being by civil action instead of indictment. The jurisdiction of the subject-matter of the offense and of the person of the defendant remains the same. The case of The State v. Huffschmidt, 47 Mo. 73, referred to by plaintiff in error, maintains the jurisdiction of the court over the offense named herein, but declares that the civil remedy must be pursued.

III. The record shows that the defendant, instead of moving to quash, appeared in court and pleaded guilty to certain indictments; and that others, by his consent and request, were dismissed at his cost. He waived all matters of form, and should not now be permitted to take advantage of his own negligence.

CURRIER, Judge, delivered the opinion of the court.

At the December term, 1869, of the Hannibal Court of Common Pleas, various indictments were found against the defendant for selling liquor on Sunday. At the succeeding June term, 1870, the defendant, attended by his counsel, appeared in court and pleaded guilty to some of the indictments, while others were dismissed by consent at his cost. This was done, as the record shows, under an arrangement with the prosecuting attorney to the effect that the cases should be so disposed of. In the cases where a plea of guilty was entered, a small fine was imposed and final judgment rendered. This writ of error is prosecuted to reverse these several judgments. The reversal is sought upon the ground that the court rendering the judgments acted without jurisdiction.

In State v. Huffschmidt, 47 Mo. 73, it was decided that the statute authorizing the prosecution of misdemeanors of this class by indictment had been repealed, and that the proper remedy in such cases was by civil action under the statute (Wagn. Stat. 516, §§ 29, 32). The plaintiff in error relies upon that adjudication as decisive of the question of jurisdiction sought to be raised upon this record. Treating the question as one involving

the jurisdiction of the court, authorities are cited *in extenso* to show that objections to the jurisdiction cannot be waived. But the real objection here is to the form of the remedy, and not to the jurisdiction of the court. The court undoubtedly had jurisdiction, both of the person of the defendant and the subject of the indictment. The mistake on the part of the prosecution was in proceeding by indictment instead of by civil action, and this is the only error appearing in the record. Was it competent for the party indicted to waive his objections to the form of the proceedings? We are of the opinion that it was. A party may waive a constitutional right, and, *a fortiori*, a mere common-law or statutory right. (1 Bish. Cr. Pr., § 422.) A defendant in a criminal proceeding may bind himself indirectly by waiving rights, or directly by agreement. (*Id.*, §§ 407, 428.) Here the defendant not only waived his objections by not insisting upon them at the proper time, but by a direct and positive agreement with the prosecuting attorney. Certainly he ought not to be permitted to come into this court and here for the first time start objections to the form of the proceedings against him. The court, as has already been stated, had undisputed jurisdiction of the subject-matter of the indictment. The defendant submitted himself to its jurisdiction, and allowed judgment to go against him by voluntary confession and consent.

The judgment must be affirmed. The other judges concur.

