THE STATE OF MISSOURI, Plaintiff in Error, *v.* GEORGE SAXAUER, Defendant in Error.

1. *Criminal law — Indictment — Selling liquor on Sunday — Form of proceeding — Waiver.*— On trial of an indictment for selling liquor on Sunday, defendant, by allowing judgment to go against him by voluntary confession and consent, may waive an objection urged merely to the form of the proceeding — as that it was by indictment and not by civil action. And having waived it in the trial court he cannot raise it for the first time in the Supreme Court. (State v. Warnke, *ante*, p. 451, affirmed.)
2. *Criminal law — Selling liquor on Sunday — Offense may be tried before the Circuit Court.*— Under section 32, page 516, Wagn. Stat., the offense of selling liquor on Sunday is not exclusively cognizable before justices of the peace. but may be tried before the Circuit Court.

*Error to St. Genevieve Circuit Court.*

*John B. Robinson, B. B. Cahoon,* Circuit Attorney, and *A. J. Baker,* Attorney-General, for plaintiff in error.

The Circuit Court of St. Genevieve county had jurisdiction of the subject-matter of this proceeding concurrent with justices of the peace. (Wagn. Stat. 516, §§ 29–32.)

*Jno. F. Bush,* for defendant in error.

The Circuit Court of St. Genevieve county had no jurisdiction of the indictment, or of the offense charged in the indictment. The offense of selling liquor on Sunday was a misdemeanor within the exclusive jurisdiction of justices of the peace in said county. (Wagn. Stat. 516, § 29; *id.* 504, § 35; State of Missouri v. Huffschmidt, 47 Mo. 73.)

CURRIER, Judge, delivered the opinion of the court.

The defendant was indicted in St. Genevieve county, November, 1870, for selling liquor and keeping an open grocery on Sunday, contrary to the statute. (Wagn. Stat. 504, § 35.) He appeared in court and voluntarily confessed the offense and was fined one dollar. An execution, regular upon its face, was issued to carry into effect the judgment. The execution was quashed on motion, and the case is brought here on writ of error.

The case raises substantially the same question which was passed upon by this court in State v. Warnke, *ante,* p. 451. The views there expressed will be adhered to. It is unnecessary to repeat them. The further point, however, is made here that the offense charged was exclusively cognizable before a justice of the peace, whatever the form of prosecution. We cannot sustain that view.

The statute under which the indictment was found provides for the punishment of the offense there defined by fine, which shall not exceed $50. It is then provided (Wagn. Stat. 516, § 29) that the fine may be recovered before a justice of the peace. But the statute further provides (Wagn. Stat. 516, § 32) that Circuit Courts shall have concurrent jurisdiction with justices of the

peace in the cases embraced within the provisions of section 29 above referred to. The Circuit Court of St. Genevieve county, therefore, had jurisdiction of the offense charged in the present indictment.

The order and judgment of the court below quashing the execution is reversed. The other judges concur.