THE STATE v. LEVY *et al., Plaintiffs in Error.*

Division Two, January 31, 1894.

1. **Criminal Practice**: INDICTMENT: PLEA OF GUILTY. A plea of guilty does not preclude the defendant from attacking the indictment as charging no offense.

2. ———: ———: APPELLATE PRACTICE. A defendant may take advantage of a material defect apparent of record, though such point is for the first time raised on appeal.

3. **Criminal Law**: FALSE PRETENSES: INDICTMENT. The insufficiency of an indictment founded on Revised Statutes, 1889, section 3826, and charging defendant with obtaining money "by means and by use of a cheat and a fraud and a trick and deception and fraudulent representation and a false pretense and a confidence game" *reaffirmed* (*State v. Terry,* 109 Mo. 601.)

*Error to Clark Circuit Court.*—HON. BEN E. TURNER, Judge. .

REVERSED.

*Chas. T. Noland* for plaintiffs in error.

(1) This court has jurisdiction to hear and determine this writ of error, although no motion in arrest of judgment was made in the court below. *State v. Fleming,* 22 S. W. Rep. 1024; *State v. Meyers,* 99 Mo. *loc. cit.* 112; *State v. Van Matre,* 49 Mo. 268; *State v. Vaughn,* 26 Mo. 29; *McGee v. State,* 8 Mo. star p. 495; *Mathews* and *Garner cases,* 18 Grattan, 989. (2) The indictment will not support a judgment. It charges several and distinct offenses in one count and fails to inform the defendants of the nature and cause of the accusation against them. It follows the form prescribed in section 3826, Revised Statutes of 1889, which has been declared unconstitutional. *State v. Cameron,* 22 S. W. Rep. 1024; *State v. Fleming,* 22 S. W. Rep. 1024; *State v. Terry,* 109 Mo. 601.

*R. F. Walker,* Attorney General, for the state.

While we concede the indictment in this case is bad, yet we are of the opinion that where the defendants have waived any exceptions to the validity or invalidity of the judgment, and have invited the judgment and sentence of the court, and the judgment and all other proceedings are regular, we contend that in this proceeding this court has no right to interfere with

that judgment; nor have the plaintiffs in error a right now to complain, or to be heard to complain, of the judgment rendered at their instance. There seems to be no precedent that we are able to find for a proceeding of this character. We therefore respectfully submit that the judgment should be permitted to stand.

SHERWOOD, J.—The defendants, at the October term, 1891, were indicted with one Jackson, under the provisions of section 3826, Revised Statutes, 1889, being charged with attempting to obtain money "by means and by use of a cheat and a fraud and a trick, and deception, and fraudulent representation, and a false pretense, and a confidence game."

Jackson, on the overruling of their joint demurrer, went to trial; but the defendants, Levy and Haight, pleaded guilty and each received a sentence of four years in the penitentiary, where they are at present confined.

I.   Feeling aggrieved *in law* if not *in fact* as the result of their plea to the many-sided multifarious indictment, they bring error and ask that we review the record.   The attorney general contends that defendants having pleaded guilty, are in no position to question the correctness of the proceedings which resulted as aforesaid.   But this is a mistake.   The effect of such a plea only amounts to an admission by record of the truth of whatever is sufficiently alleged in the indictment, and no confession, however large and explicit will prevent a defendant from taking advantage of faults apparent of record.   If no crime is charged in the indictment, then none is confessed by pleading guilty thereto.   1 Chitty Cr. Law, pp. 431, 662, 663; *Fletcher v. State*, 7 Eng. 169; 1 Bishop's Cr. Proc., sec. 795, and cases cited; Wharton on Cr. Pl. and Prac., [9 Ed.] sec. 413.

II.　Numerous decisions of this court attest that a party defendant in a criminal case may take advantage of a material defect apparent of record, though such point be raised for the first time in this court.　*McGee v. State*, 8 Mo. 495; *State v. Van Matre*, 49 Mo. 268; *State v. Vaughn*, 26 Mo. 29; *State v. Meyers*, 99 Mo. 107; 1 Bishop on Cr. Proc., secs. 1368, 1370.

III.　The insufficiency of indictments based upon the section of the statute in question has frequently been affirmed by this court.　*State v. Terry*, 109 Mo. 601; *State v. Fleming*, 117 Mo. 377; *State v. Cameron*, 117 Mo. 371.

For the reasons given, we reverse the judgment and discharge the defendants.　All concur.