(*Criminal Court of Cook County.*)

## People

### vs.

### J. W. Reeves.

(January, 1896.)

1. PHARMACY ACT, PENALTIES THEREUNDER, HOW RECOVERABLE, CIVIL SUIT. Where the legislature declared in the penal clause of the Pharmacy Act that "all suits for the recovery of the several penalties . . . shall be prosecuted in the name of the people . . . in any court having jurisdiction," it intended that a civil suit in debt might be commenced before a justice of the peace or in a civil court of record.

2. SAME—CRIMINAL PROSECUTION. The words in the penal clause of the Pharmacy Act "and it shall be the duty of the state's attorney . . . to prosecute all persons violating . . . this act upon proper complaint being made" indicate that the legislature besides civil suits contemplated that criminal prosecutions might be instituted for the recovery of the penalties prescribed by the' act.

3. SAME—VIOLATIONS OF AS MISDEMEANORS. As in Illinois the doing of the act prohibited by statute is a misdemeanor when not amounting to a felony, violations of the Pharmacy Act are misdemeanors.

4. STATUTES—PENAL—CONSTRUCTION OF—REMEDY PROVIDED THEREIN. Where a statute gives a penalty and prescribes a form of action, in which the remedy may be had, that form of action must be followed and no other.

5. CRIMINAL COURT—PROSECUTIONS THEREIN—PROCEDURE. The only method of prosecution known to Illinois law in the criminal court is by indictment.

6. PHARMACY ACT—CONSTRUCTION OF—MANNER OF CRIMINALLY PROSECUTING VIOLATIONS OF—POLICY OF LEGISLATURE. Construing the Pharmacy Act in conjunction with other statutes and in the light of the established policy of the legislature to provide other tribunals than the criminal court for the collection and enforcement of fines and penalties, it is apparent that a violation of the Pharmacy Act is not indictable although the penalties provided therein may be recovered by the state's attorney by a criminal complaint before a justice of the peace.

Motion to quash indictments. Nos. 3066, 3073. The facts are stated in the opinion. Heard before Judge Edward F. Dunne.

DUNNE, J.:—

Defendant Reeves has been indicted on eight different charges, setting up eight different violations of the amended act relating to the practice of pharmacy in the state of Illinois, in force June 27th, 1895. The penalties for said violations, as provided in said act, are not less than $5 and not more than $100.

Defendant has moved to quash each and all of said indictments upon the ground of *no jurisdiction* in the criminal court.

The contention of counsel for defendant is that the act in question is not comprised in the criminal code, that the violations of the act complained of are not declared to be misdemeanors, that the penalties provided for are *penalties* recoverable by civil suit and not *fines* collectible by criminal prosecution, and that therefore, the proper procedure for the collection of said penalties is a *civil* action *in debt* for the recovery of the penalties and not a *criminal prosecution* by indictment in the criminal court.

To determine the question as to whether or not a violation of the provisions of the act in question is a misdemeanor and therefore a criminal offense, a careful examination of the act and of our statute defining a misdemeanor, becomes necessary.

The pharmacy act, as amended, contains seventeen sections, the first sixteen of which contain the requirements of the act and the penalty for its violation, and the last of which provides for the method of the enforcement of the penalties. The violation of the act set forth in the eight indictments under consideration are publishable with "penalties" not fines ranging from $5 to $100. On the matter of the enforcement or collection of these penalties, section 17 provides: "All *suits* for the recovery of the several *penalties* prescribed in the act shall be prosecuted in the name of the People of the state of Illinois in any court having jurisdiction, and it shall be the duty of the state's attorney * * * to prosecute all

persons violating the provisions of the act *upon proper complaint being made."*

In enacting this section, the legislature evidently did not understand or apprehend the distinction between criminal and civil proceedings or it contemplated and intended the enforcement of these penalties both civilly and criminally. The latter is the more probable and it is the duty of a court in construing a statute to give it such interpretation as will give force and vitality to all its provisions which are consistent with each other. I conclude, therefore, that when the legislature declares in section 17 that *"all suits* for the recovery of the several *penalties* prescribed in this act shall be prosecuted in the name of the people  *  *  *  in any court having jurisdiction," that it intended that a civil suit in debt might be commenced either before a justice of the peace or in a civil court of record. The fact that the words "prosecute a suit" as distinguished from a *criminal proceeding* were used in close context with the words "in any court having jurisdiction" satisfies this court that the legislature had in contemplation the commencement of a civil suit in one of many different courts having jurisdiction.

Now immediately following this language, appears the following: "And it shall be the duty of the state's attorney  *  *  *  to prosecute *all persons* violating the provisions of this act *upon proper complaint* being made." As the preceding words clearly indicate that the legislature had in mind the commencement of civil suits so do these words clearly indicate criminal prosecution.

We must conclude, therefore, that the legislature authorized the collection of these penalties in both civil and criminal proceedings in courts having jurisdiction of the same.

But counsel for the defendant contends that a violation of the statute in question is not a misdemeanor or criminal offense, that the violation of the provisions thereof merely subjects the person so violating to the payment of a penalty to the State Board of Pharmacists to be collected by an action of debt in the name of the people.

In the absence of the statutory definition of a misdemeanor there might be some force in counsel's position but the definition of a misdemeanor as contained in our criminal code removes the matter from the realm of discussion. Sections 277 and 278 of our criminal code are as follows: Sec. 277: "A felony is an offense punishable with death or imprisonment in the penitentiary." Sec. 278: "Every other offense is a misdemeanor. Where the performance of any act is prohibited by any statute and no penalty for the violation of such statute is imposed, the doing of such act is a misdemeanor." The violation of any *statute* then, which does not amount to a felony is a misdemeanor. The court is therefore forced to conclude that a violation of the pharmacy act is a misdemeanor. But assuming that the violations of the Pharmacy Act set up in the indictments are misdemeanors and that the legislature has provided for the enforcement and collection of the penalties therein by both civil and criminal proceedings, it does not follow that the motion to quash must be overruled. Defendant, in support of his motion to quash urges upon the court the further ground that where the statute creating the offense provides a method and tribunal for the enforcement and collection of the fines or penalties, the fines or penalties should not be enforced or collected in any other method or tribunal.

This contention of counsel is supported by authority. In *Confrey v. Stark*, 73 Ill. 187, our supreme court declared the law to be as follows: "It is a uniform rule, well recognized by all courts that where a statute gives a penalty and prescribes a form of action, in which the remedy may be had, that courts are powerless to change the remedy and permit a recovery to be had in any other form of action. The will of the general assembly is supreme and must be obeyed as expressed." *State v. Meyer*, 1 Spear (S. C.), 305; *State v. Helgen*, 1 Spear (S. C.), 310; *State v. Maze*, 6 Humphrey (Tenn.), 17.

That it is the settled policy of the law in the state of Illinois to provide in special ways for the collection or enforce-

ment of fines and forfeitures created and provided by general laws not comprised in the criminal code is evidenced by an examination of the revised statutes. The same examination further discloses the fact that the legislature has been decidedly averse to the enforcement and collection of such fines or forfeitures by indictment. The court has examined at random some fifty different statutes in the revised statutes of this state providing for fines, forfeitures and penalties for violations of certain acts not contained in the criminal code and has found only five.of the same provide for the recovery of the fine or penalty by indictment. The penalties and fines in all other cases are recovered by civil suit before either justice of the peace or a court of record or by criminal complaint before a justice of the peace.

The reason for this plain policy of the legislature is manifest. Not for every small violation of the statutes creating misdemeanors which are *mala prohibita* and not *mala per se* shall a citizen be exposed to the ignominy and public humiliation of an indictment in the criminal court. If the penalties can be enforced and collected by a civil suit or by prosecution in a justice court, why should the reputation of the offender be smirched in addition? It is well known that the finding of one indictment against a person becomes by the publication thereof, the subject of more comment and notoriety in a community than the commencement of fifty suits before a justice of the peace for fines or penalties.

The legislature, in providing for the enforcement and collection of fines has evidently kept this in mind and in nine out of every ten cases have therefore provided for the collection of the same in a manner which will not expose a citizen to unnecessary and uncalled for humiliation and disgrace.

Keeping in mind this policy of the legislature, as evidenced by these laws, let us endeavor to ascertain the intent of the legislature when in the pharmacy act it uses the words "it shall be the duty of the state's attorney to prosecute all persons violating the provisions of this act *upon proper complaint being made.*" This language plainly indicates a crim-

inal prosecution and if the duties of the state's attorney were confined to the criminal court it would follow that the state's attorney should prosecute in the first instance in the criminal court and by indictment. The only method of prosecution known to our law in the criminal court is by indictment. Crim. Code, sec. 384. Upon turning to the act on state's attorneys, however, we find that among the duties of state's attorneys are: "Sixth—To attend before justices of the peace and prosecute charges of felony and misdemeanor  *  *  * when in his power so to do."

By construing sec. 17 of the pharmacy act in conjunction with the act governing state's attorneys in the light of the established policy of the legislature as indicated by the provisions of the fifty different statutes above mentioned, to provide other tribunals than the criminal court for the collection and enforcement of fines and penalties this court has come to the conclusion that the penalties provided in the pharmacy act should be collected either by civil proceedings in any court or by criminal complaint before a justice of the peace "upon proper complaint being made."

The motion of the defendant should therefore be sustained and the indictments quashed. And it is so ordered.

NOTE.

See *Hodgman v. People*, 4 Denio (N. Y.), 235; *State v. Corwin*, 4 Mo. 609.—Ed.