**STATE of Missouri, Respondent,**

**v.**

**Nick CIVELLA, Appellant.**

**STATE of Missouri, Respondent,**

**v.**

**Louis CANGELOSE, Appellant.**

**STATE of Missouri, Respondent,**

**v.**

**Tom Joseph CACIOPPO, Appellant.**

**Nos. 23672–23674.**

Kansas City Court of Appeals.

Missouri.

Feb. 4, 1963.

James Patrick Quinn and Alex Peebles, Kansas City, for appellants.

William A. Collet, Pros. Atty., Carrol C. Kennett, Asst. Pros. Atty., Kansas City, for respondent.

PER CURIAM.

Before us are the consolidated appeals of Nick Civella, Louis Cangelose, and Tom Joseph Cacioppo, each of whom upon his plea of guilty to the misdemeanor charge of unlawfully possessing "certain gambling equipment, to wit: dice or crap table and dice" contrary to Section 563.374 RSMo 1959, V.A.M.S., was by the Circuit Court of Jackson County fined $500.00 and sentenced to six months in the county jail.

Appellants have challenged the jurisdiction and power of the circuit court to impose the mentioned fines and imprisonment for the reason that the face of the informations disclosed that the misdemeanor charge was barred by the one year statute of limitations set forth in Section 541.210 RSMo 1959, V.A.M.S.

A chronological statement of the facts is necessary to an understanding of the legal questions involved. Nick Civella was indicted by a Jackson County Grand Jury, and the indictment, C–30343 was filed in the circuit court on September 10, 1960. The indictment was drawn in accordance with Section 563.370 RSMo 1959, V.A.M.S., "keep a certain table and gaming device," the allegations of which indictment provided, " * * * on or about the 10th day of May, 1958, one Nick Civella, * * * did then and there unlawfully, wilfully feloniously and intentionally keep a certain table and gaming device commonly called a crap table and dice, adapted and devised for the purpose of playing a game of chance, commonly called dice for money and did then and there unlawfully and feloniously entice, permit and induce divers persons to bet and play at and upon said table and gambling devices * * *."

The above described indictment was for a felony and the three year statute of limitations, Section 541.200 RSMo 1959, V.A.M.S., was applicable. We note that since the offense was alleged to have occurred on May 10, 1958, and the indictment was returned and filed in court on September 10, 1960, the indictment and its charged felony offense were well within the mentioned three year statute of limitations period applicable to such felonies.

On November 4, 1960, an assistant prosecutor filed Information No. C–30343 in lieu of Indictment No. C–30343. This information also charged a felony, the only change from the indictment being that the information charged the same offense in more detail. This information with its charged felony offense was also well within the three years allowed by the mentioned Statute of Limitations for such felonies.

On January 12, 1962, the assistant prosecutor filed an Amended Information, C–30343, which reduced the charge from a felony to a misdemeanor. The amended information was drawn under Section 563.-374 RSMo 1959, V.A.M.S., and read in part that Nick Civella " * * * on or about the 10th day of May, 1958, * * * (did) unlawfully possess certain gambling equipment, to wit: dice or crap table and dice; * * *."

The facts as set out above, other than the name of the particular accused, are identical for all three appellants except that the indictment and informations against Cangelose stated the date of the offense charged as being October 24, 1957, rather than May 10, 1958.

To these charges each appellant had entered a plea of not guilty. After the amended informations charging a misdemeanor had been filed and on January 12, 1962, each appellant withdrew his plea of not guilty and entered a plea of guilty to the misdemeanor charged. The circuit court accepted the pleas of guilty and deferred judgment and sentence. Eventually, and on March 2, 1962, the circuit court pronounced judgment and sentence, a fine of $500.00 and a 6 months' jail term, for each appellant. These appeals followed.

Section 541.210 provides: "No person shall be prosecuted, tried or punished for any offense, other than felony, or for any fine or forfeiture, unless the indictment be found or prosecution be instituted within one year after the commission of the offense, or incurring the fine or forfeiture."

As an aid to an understanding of the various dates involved, the following diagram is helpful:

| –A– | –B– | –C– | –D– |
|---|---|---|---|
| May 10, 1958 | September 10, 1960 | November 4, 1960 | January 12, 1962 |
| Date of the offense in all charges, except Cangelose's date was October 24, 1957. | Date Indictment for a felony was filed in court. | Date Information for a felony was filed in lieu of Indictment. | Date Amended Information was filed in Court reducing felony to a misdemeanor and date defendants pleaded guilty to misdemeanor. |

The basic question presented is whether the quoted limitations statute applicable to misdemeanors deprived the circuit court of power or jurisdiction to accept the pleas of guilty to the misdemeanors charged and to assess punishment.

It is the State's position that the defendants in a criminal proceeding may bind themselves by agreement; that the defendants "to save themselves from exposure to felony convictions prevailed upon the State to substantially reduce that exposure by an assurance, through their counsel, that they would plead guilty to a lesser charge with lesser penalties;" and after having received a stiffer punishment (a jail sentence) from the circuit court than they anticipated cannot now challenge the amended information or the circuit court's judgment and punishment.

For convenience of treatment we shall divide up the rather general contentions of the state into specific questions. First, upon an indictment or information for a larger crime (a felony) at a time beyond the period of statutory limitations upon a

lesser crime (a misdemeanor) whose elements are included within the larger crime, may the accused be convicted by trial or by plea of the lesser offense?

The question presented is not new and nearly all of the states at one time or another have ruled on it. For a summary of their views we quote from a recent and thorough annotation on the subject contained in 47 A.L.R.2d 887, "Limitations Statute—Lesser Offense", loc. cit. 888, "The overwhelming weight of authority is to the effect that one cannot be convicted of a lesser offense includible within a larger crime, where prosecution for the latter was commenced after expiration of limitations applicable to the lesser offense." It is further stated in that annotation, loc. cit. 888, "And the rule has been held applicable even though a statute expressly provides that upon indictment for the larger crime one may be convicted thereunder of certain lesser offenses included within it, * * *."[1] See, also 47 A.L.R.2d loc. cit. 892, Section 7.

■■■ That the above is the well established rule in the United States is further illustrated by quotes from our recognized text authorities on the subject. In 22 C.J. S. Criminal Law § 225(3), page 584, it is stated, "The general rule, however, is that if, on an indictment for a crime, accused is found guilty of some less crime included therein, and which constitutes a part of it, the conviction cannot be sustained, where the crime for which he is convicted is barred by the statute of limitations, although the crime of which he was indicted is not thus barred." It is noteworthy that among the supporting citations for this statement of the rule is the Missouri case of State v. Chevlin, Mo.Sup., 284 S.W.2d 563.

In 15 Am.Jur., Criminal Law, Sec. 343, page 33, it is expressed, "It frequently happens that a charge of felony includes an offense of a lower grade with a different period of limitation, so that, while the felony is not barred, the statute has run as to the lesser offense. In this situation, the rule is that if the statute has not run against the felony, while the lesser offense is barred, the bar cannot be evaded by indicting the defendant for the felony and convicting him of the lesser offense."

Typical of the many Federal Court decisions on the subject is Chaifetz v. United States (1960), 109 U.S.App.D.C. 349, 288 F.2d 133, 135, "The rule is well established that, when an accused is on trial for a felony (not barred by limitations), he cannot be convicted of a lesser included offense if the latter offense is barred. There are many cases on this point." (Citations omitted.)

Typical of the many state court decisions on the subject is State v. King, 140 W.Va. 362, 84 S.E.2d 313, 47 A.L.R.2d 878, which after reciting the general rule that one indicted for an offense not barred by limitation, but convicted of a lesser included offense which is so barred is entitled to discharge stated loc. cit. 318, "Our holding in this regard is in accordant (sic) with the great weight of American authority."

Basic to the general rule above stated is the general recognition that statutes of limitation in criminal cases, such as that before us—"No person shall be prosecuted, tried, or punished * * *" are "not merely statutes of repose but create a bar to prosecution." In Chaifetz v. United States, 109 U.S.App.D.C. 349, 288 F.2d 133, 135, this was expressed, " * * * a statute of limitations in a criminal case, unlike such a statute in civil matters, is not merely a statute of repose but creates a bar to prosecution." In a very recent decision the Supreme Court of Arkansas stated, Grayer v. State (1962), 234 Ark. 548, 353 S.W.2d 148, 149, "Under those facts alone (offense committed three years before) we would be compelled to hold the trial court was without jurisdiction to try the petitioner. * * * 'The above section (limitation on

---

1. Missouri has a similar statute, see, Section 556.230 RSMo 1959, V.A.M.S.

misdemeanor) is somewhat more than a statute of limitations, as regards to time. Ordinarily, the statute of limitations in proceedings is a matter of defense, which may be pleaded or be waived. The above section, however, is a limitation upon the power of courts to try one for any offense less than a felony, unless the charge shall have been instituted within the year after the offense charged was committed.' " [2]

Our Missouri Supreme Court has recognized and followed this general rule. In State v. Chevlin, Sup., 284 S.W.2d 563, 567, Judge Stockard speaking for the court, said, "Appellant could not be convicted of common assault, a misdemeanor, because the information (for a felony) was not filed until more than one year after the alleged offense was committed. Other than for the fact that the statute of limitations prevented a conviction of common assault, the evidence clearly would have required that the jury be instructed on this lesser offense."

■ Next is the question of what effect, if any, is to be ascribed to the fact that these defendants entered a plea of guilty to the misdemeanor charge?

Again, we find this question has been considered and ruled upon by various courts all to the general effect that such a plea amounts only to an admission by record of the truth of what is sufficiently alleged in the indictment or information, and does not prevent a defendant from appealing on the ground that the indictment or information charges no offense, as is the case where the indictment or information discloses on its face that the act charged may not be prosecuted because it occurred beyond the limitations period contained in a statute such as ours, Section 541.210 RSMo 1959, V.A. M.S.

In State v. Reppley, 278 Mo. 333, 213 S.W. 477, 479, the rule is stated that, "A defendant who pleads guilty to a charge in an information does not thereby necessarily confess guilt of the crime it is sought to charge against him; it only means he confesses the truth of the facts stated in the information. He may * * * appeal, * * * on the ground that the information or indictment charges no offense." (Citations omitted.) In State v. Conley, Mo.Sup., 123 S.W.2d 103, 105, the rule is expressed, "Appellant by pleading guilty waived all defenses other than that the information charged no offense."

In State v. Levy, 119 Mo. 434, 24 S.W. 1026, the Supreme Court said, " * * * [t]he attorney general contends that defendants, having pleaded guilty, are in no position to question the correctness of the proceedings which resulted as aforesaid; but this is a mistake. The effect of such a plea only amounts to an admission by record of the truth of whatever is sufficiently alleged in the indictment, and no confession, however large and explicate, will prevent a defendant from taking advantage of faults apparent of record. If no crime is charged in the indictment, then none is confessed by pleading guilty thereto. (Citations omitted.) Numerous decisions of this court attest that a party defendant in a criminal case may take advantage of a material defect apparent of record, though such point be raised for the first time in this court." In 24A C.J.S. Criminal Law § 1837, page 559, the rule is expressed, " * * * However, where judgment has been entered on a plea of guilty or nolo contendere, the review is limited to questions as to the jurisdiction or legality of the proceedings; * * *." See, also, State v. Haverstick, Mo.Sup., 326 S.W.2d 92, 75 A.L.R.2d 1422; United States v. Harris, D.C., 133 F.Supp. 796; People v.

2. See, also, Benes v. United States, 6 Cir., 276 F.2d 99, and cases cited therein; City of Cleveland v. Strom, Ohio Mun.Ct., 67 N.E.2d 353, 357; Jacox v. State, 154 Neb. 416, 48 N.W.2d 390;

State v. Ferrie, 243 La. 416, 1962, 144 So.2d 380; 47 A.L.R.2d 890, Section 5; Spears v. State, 26 Ala.App. 376, 160 So. 727.

Nooner (1962), Cal.App., 23 Cal.Rptr. 355; Annotation, Appeal from Inferior Court, 42 A.L.R.2d 995, 1013, Sec. 14.

Respondent has cited seven cases, State v. Warnke, 48 Mo. 451; State v. Saxauer, 48 Mo. 454; State v. Schienaman, 48 Mo. 479; State v. Riedle, 48 Mo. 480; State v. Cronyn, 48 Mo. 480; State v. Hurley, 48 Mo. 481; State v. Coover, 49 Mo. 432. All are to a degree companion cases to State v. Warnke, supra. We have carefully examined all of these cases and have found that they are completely distinguishable on their facts. They involve mere matters of procedure and do not involve any question concerning statutes of limitations in criminal cases. Since they are not applicable to the questions presented on this appeal it would serve no useful purpose to discuss them in detail.

The prosecuting attorney says he was induced by defendants to agree to reduce the charge from a felony to a misdemeanor and to recommend a fine as punishment on defendants' indication they would then plead guilty to the reduced charge. Defendants say such suggestion originated with the prosecuting attorney rather than with them. It is immaterial which one originated the suggestion. The trial court had no prior knowledge of any of this, if it did occur; and the trial court made it completely clear to all that it was not bound to follow any recommendation that might be made by the prosecuting attorney but would make its own independent decision regarding punishment.

The prosecuting attorney, as much as any other person, is presumed to know the law and the legal results of his official acts. He should have known the legal effect of his reduction of the charges from a felony to a misdemeanor and have governed himself accordingly. As stated in Pendergast v. United States, 317 U.S. 412, 63 S.Ct. 268, 271, 87 L.Ed. 368, " * * * Every statute of limitations, of course, may permit a rogue to escape. Yet as Chief Justice Marshall observed in Adams v. Woods, supra, 2 Cranch [336] at page 342, 2 L.Ed. 297, 'not even treason can be prosecuted after a lapse of three years.' * * * "

We are constrained by the well settled law above quoted and cited to reverse the judgments and to order appellants discharged. It is so ordered.

All concur.