# McDowell *v.* The State.

*Indictment for Larceny of Hog.*

1. *Arrest of judgment; what not ground of motion for.*—It is not ground of motion in arrest of judgment, on a general verdict of guilty upon an indictment in the Code form, not specifying the particular time of the commission of the offense,—that it is not affirmatively shown by the record, whether the conviction was for an act committed before or after the passage of a statute, which punished as a felony, an act which before was only a misdemeanor; it must be presumed, in the absence of a bill of exceptions showing the contrary, that the judgment which the evidence demanded was rendered.

2. *Indictment for grand larceny; what sufficient.*—An indictment for larceny of a hog, not alleging any value, can be upheld only under the act of

February 20th, 1875, which makes the stealing of such an animal a felony, without regard to value; and a general verdict of guilty on such an indictment authorizes sentence for grand larceny.

3. *Excessive penalties, under law authorizing working of prisoners for cost.*—The court adverts to the excessive penalties which some times arise under the law authorizing offenders to be put to work for payment of costs of conviction, at the rate of not exceeding forty cents per day, and expresses the hope that the matter will undergo early legislative correction.

APPEAL from the Circut Court of Wilcox.

Tried before Hon. JOHN K. HENRY.

The indictment in this case, returned at the fall term, 1876, charged that "before the finding thereof, Abe McDowell feloniously took and carried away a hog, the personal property of George Richards, against the peace," &c. The jury found the defendant "guilty as charged in the indictment," and assessed the value of the stolen property at one dollar.

The defendant moved in arrest of judgment, on the grounds stated in the opinion. The motion was overruled, and defendant excepted. The court sentenced the defendant to two years hard labor for the county, and also "to perform additional hard labor for the county, for the additional time of fifteen hundred and seventy-five days, to pay the sum of three hundred and fifteen dollars and thirty cents, the costs and officers' fees, and the value of the property."

BRUTUS HOWARD, for appellant.

H. C. TOMPKINS, Attorney-General, *contra.*

MANNING, J.—An indictment preferred at the fall term, 1876, of Wilcox Circuit Court, against appellant, charged "that *before the finding of this indictment,* Abe McDowell feloniously took and carried away a hog, the personal property of George Richards," &c. The verdict thereupon was "guilty as charged in the indictment." A motion was made in arrest of judgment on the ground that it did not appear and the court could not know, by inspection of the indictment and verdict, whether the conviction was for an act committed before or after the statute of February 20th, 1875, went into operation; which statute changed the law previously existing and made the offense charged, grand larceny, without regard to the value of the animal stolen, which the jury assessed at one dollar.

The argument ably pressed for defendant, is, in substance, this: That in a case of this sort, a prosecution begun after a change of the law, whereby that was made grand larceny,

which was previously petit larceny only, time is "a material ingredient of the offense," and should have been alleged in the indictment; because otherwise it would not appear by the record whether the offense of which defendant was found guilty, was committed before or after the enactment of the new law, or, consequently, whether it was grand larceny or petit larceny; and that in this uncertainty the court could not pronounce a sentence for either.

In their endeavor to prevent in the practice of this State, the excessive verbosity of the old indictments, our law-givers have prescribed forms the brevity of which in some cases we have had occasion to regret. But we are not at liberty to disregard them. Our statutes expressly provide that where time is not "a material ingredient of the offense," it is sufficient to charge generally that the offense was committed "before the finding of the indictment."—Code of 1876, § 4788 (4115). This clause, "before the finding of this indictment," is itself however mere surplusage or would be so, if not prescribed by statute. For of course, the offense charged must in the nature of things, if committed at all, have been committed before the grand jury could by the indictment have reported it. The accusation necessarily imports that the thing charged had been theretofore done. So that with or without that addition, it comprehends all past time as that within which the act was committed. It therefore goes back not only beyond the bar of any act of limitation, but beyond also the enactment of any statute defining the offense and prescribing the penalty. As was said by WALKER, C. J., in *Molette v. The State*, (33 Ala. 408): "Before the Code, this would have been a fatal objection; but it is not now necessary to make any averment that the indictable act was done within the time mentioned in the act of limitations. No specification of the time is necessary, unless time is a material ingredient of the offense."—See, also, *McGuire v. The State*, 37 Ala. 161; *Noles v. The State*, 24 Ala. 694. Although, however, as was held in the first of these cases, the time when an offense was committed, need not be alleged in the indictment, it must be proved on the trial that it was committed within the period, which is prescribed as a bar against the prosecution for it. If this is not done, the prosecution fails. Why? Because when the period of limitation elapsed, the act ceased to be a punishable offense. No court was then authorized to pronounce sentence against the person who committed it. And presuming that every court having jurisdiction acts according to its duty in such a case,—the

law considers its judgment as properly rendered upon the just verdict of a jury to whom the requisite evidence had been submitted with proper instructions,—unless the contrary be shown by a bill of exceptions.

In like manner, if there be a contention whether the act for which a defendant is on trial, was a punishable offense,— not for the reason that the statute of limitations was a bar,—but because the statute by which such an act was subsequently made a punishable offense was not then in force, it must be presumed unless the contrary be shown, that a court proceeding upon an indictment in the form prescribed by the Code, and as applicable in the one case as in the other, has acted in accordance with its duty, and rendered a correct judgment upon a verdict justified by the evidence and the law, and therefore that the act was committed in violation of an existing law. True, there being no time specified, it would not be affirmatively shown in either instance by the indictment or the verdict, (a mere response of "guilty as charged in the indictment,")—that the act for which sentence was passed, was not committed at a time, beyond the period which would bar a prosecution for it, or when no law existed which made the act an offense. The logical mind, therefore, naturally objects that this is a defective foundation for a judgment against the defendant. The record by itself does not vindicate the sentence. This is a consequence, however, of the forms of indictment prescribed by our law-givers, and is no more objectionable in one of the cases we have referred to than the other.—See *Henback v. The State*, 53 Ala. 523.

What is meant by the expression in the Code—"unless time is a material ingredient of the offense?" If the law— or the time of enacting a law—were, as counsel seem to think, a material ingredient of the offense, within the meaning of the Code, in this case, it would be so in every other. For without a law against an act, it would not be an offense in the sense of being punishable by the courts. We think the ingredient meant, is an ingredient of the act committed, something that gives to it an evil character or effect, which causes the law to denounce it. Thus time is an ingredient of Sabbath breaking,—was an ingredient, (night-time,) of burglary at the common law, and may be in offenses relating to elections and other matters. Certainly since it is not necessary to allege that the act for which a prosecution is set on foot, was committed within the time which would bar it, it can not be necessary to allege, although it be to prove, that it was done after the law making it an offense, or an offense of a higher

degree, was enacted. In the instance of a new law especially, more even than in one in which the statute of limitations might be involved,—a conscientious judge of the Circuit Court would feel compelled to instruct the jury, in a proper case, that if the act was not proved to have been committed after the time, designated by him, when the law went into effect, they must find the defendant not guilty. And as we have before said, under the law as now prescribed to us by the legislature, we must presume that this was properly done, unless by exceptions defendant shall show that it was not. The fact that his counsel did not undertake to do this, leaves no room for doubt that he was guilty as found by the jury.

The ruling in *McIntyre v. State*, 55 Ala. 167, is on a peculiar statute relating to revenue, which provided that the license it requires a photographer to obtain need not be taken out before a certain specified day in each year; a credit for it being thus allowed in the meantime. And it is intimated in the opinion in that cause that the decision was not to be regarded as constituting a rule for other cases variant from that.

The indictment before us was evidently preferred under .the act of 1875. It was only under it that such an indictment could be sustained, if it did not allege a value in the article stolen. That allegation was required by the forms in the Revised Code as well as by the common law in an indictment for either grand or petit larceny. But the statute of 1875 makes this unnecessary, *Gregg v. State*, 55 Ala. 116, when the prosecution is for the stealing of a domestic animal of the kind mentioned in it, an offense which is made grand larceny without regard to value. The purpose of the act was to prevent a crime which had become so prevalent and pernicious as, in a large degree, to put an end to the raising of such animals as a part of the business of planters and farmers in this State. To support this indictment, therefore, it must have been proved that the offense which it charged was committed after the enactment of that statute.

There is a part of the judgment in this cause that we wish we could reverse or greatly reduce. Following the decisions of our predecessors in *Nelson v. State*, (46 Ala. 186, opinion by PETERS, J.,) and *Morgan v. State*, (47 Ala. 34, opinion by PECK, C. J.,) we have held that the statute authorizing convicted offenders to be condemned to work for the counties, respectively, for the payment of costs, at not exceeding forty cents a day, was a valid enactment.—*Caldwell v. State*, 55 Ala. 133; *Walker v. State*, 58 Ala. 395. And we can not

say we think these decisions are erroneous. But the results, unforeseen we are sure, which the law may produce in cases like the present where the costs amount to a large sum, are so excessive and unjust, that we hope the whole subject will undergo legislative correction, at the next session of the General Assembly. And unless there be peculiar reasons to the contrary, not shown by the record, a very large part of the penalty imposed in consequence of the non-payment of the costs in this case, ought we think in due time to be remitted. In *Caldwell v. State, supra,* we said: "Such additional punishment is, doubtless, as much within the pardoning power of the Governor, as any other part of the sentence pronounced on a convicted offender."—55 Ala. p. 135.

Let the judgment of the Circuit Court be affirmed.