# Letcher *v.* The State.

## *Assault and Battery.*

(Decided Feb. 4, 1909. 48 South. 805.)

1. *Courts; Time for Opening.*—The Act of 1890-1, p. 68, amending section 750, Code 1886, only repeals said section so far as it applies to the counties mentioned therein, and does not have the effect to revise and extend the section so as to make it apply to counties previously removed from its influence, and does not have the effect of repealing Acts 1888-9, p. 64, authorizing the opening of the courts in the 3rd and 5th circuit at 10 A. M.

2. *Statutes; Amendment in Passage; Changing Original Purpose,* —Where the change in the statute pending its passage, was from the word, opening, to the word, holding, in regulating and fixing the time for opening or holding court, such change did not render Acts 1888-9, p. 64, violative of section 19, article 4, Constitution 1875; the terms as used, being synonymous.

3. *Indictment and Information; Return; Presence of Grand Jurors* —Section 4914, Code 1896 is sufficiently complied with when the record recites that the indictment was returned into open court by the foreman in the presence of all the other grand jurors, and it was shown that there were more than eleven other grand jurors present.

4. *Charge of Court; Reasonable Doubt.*—A charge asserting that if after considering all the evidence the jury had a reasonable doubt of the guilt of the defendant, they will give the benefit of the doubt to the defendant and return a verdict of not guilty, is a proper statement of the law; such charge is not covered by a charge given as follows: If any member of the jury have a reasonable doubt of the guilt of defendant, the jury will not return a verdict of guilty.

5. *Trial; General Charge; Request.*—Where the prosecution was for a felony and the conviction was for a misdemeanor, and there was no evidence to show that the misdemeanor was barred by the statute of limitation, the general charge which did not separate the misdemeanor from the felony, the point not having been otherwise raised, was properly refused, where the evidence authorized a conviction of the felony.

6. *Indictment and Information; Conviction of Lesser Offense; Limitation.*—A conviction for assault and battery under an indictment charging assault with intent to murder, cannot be sustained if the assault and battery is barred by the statute of limitations, although the felony charged is not so barred.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Metcalf Letcher was indicted and tried for assault with intent to murder, and convicted of an assault and battery with a weapon, from which he appeals. Reversed and remanded.

The facts on which the opinion was rested sufficiently appear therein. Charge 3, referred to in the opinion, is as follows: "After considering all the evidence in this case, if the jury have a reasonable doubt of the guilt of the defendant, they will give the benefit of the doubt to the defendant, and return a verdict of not guilty." Charge 2, given and referred to as not being a duplicate of charge 3, is as follows: "If any member of the jury have a reasonable doubt of the guilt of defendant, the jury will not return a verdict of guilty."

J. T. LETCHER, THOMAS L. BULGER, and H. P. MERRITT, for appellant. The act permitting the opening of the courts at eleven o'clock in the 3rd and 5th judicial circuits is not only unconstitutioinal but was repealed by the Act of Generay Assembly approved Dec. 9, 1890. Any judgment rendered or proceedings had at a time and place other than authorized by law, are void.—*Dunbar v. Frazer*, 78 Ala. 532; *Garlic v. Dunn*, 48 Ala. 402; *Bir. B. & L. Anns. v. The State*, 120 Ala. 408. On these authorities, the court erred in overruling defendant's

[Letcher v. The State.]

demurrer to the replications to the pleas in abatement. The plea was a valid plea of former jeopardy.—12 Cyc. 216; *Lyman v. The State,* 47 Ala. 686; *Baysinger v. The State,* 77 Ala. 62. The court erred in permitting testimony as to the pistol wound.—*Letcher v. The State,* 39 South. 922. The court should have given charge 3.—*Hunt v. The State,* 135 Ala. 1; *Turner v. The State,* 124 Ala. 59; *Forney v. The State,* 98 Ala. 19; *Hurd v. The State,* 94 Ala. 100. Charge 6 should have been given.—*Crawford v. The State,* 112 Ala. 1. Charge 7 should have been given.—*Harris v. The State,* 96 Ala. 24; *Christian v. The State,* 96 Ala. 89; *Crawford v. The State, supra.* It was immaterial that the indictment was for assault with intent to murder since the trial was for an assault and battery, and the evidence showed without conflict that the offense was barred.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for the State. The Act of Dec. 9, 1890, is not unconstitutional and does not have the effect to repeal the Act of Feb. 27, 1889.—*State ex rel. v. Houghton,* 142 Ala. 90; *Fourment v. The State,* 46 South. 266. In any event the objection comes too late.—Sec. 5269, Code 1896. Therefore, the motion to quash the indictment was properly overruled. The other grounds of the demurrer were properly overruled. *Russell v. The State,* 33 Ala. 366; *Mose v. The State,* 35 Ala. 421. The court did not err in reference to the admission of evidence.—*Hall v. The State,* 134 Ala. 90. Charge 4 was bad.—*Mann v. The State,* 134 Ala. 1; *Matthews v. The State,* 136 Ala. 47. The court did not err in reference to its actions on the plea of former jeopardy. As to the 1st plea, counsel cite.—*Smith v. The State,* 52 Ala. 407; *Henry v. The State,* 33 Ala. 389;

*Reynolds v. The State,* 92 Ala. 44; *McGehee v. The State,* 58 Ala. 360. On the 3nd plea, they cite the former report of this case in 39 South. 922.

ANDERSON, J.—The term of court at which this indictment was found was opened at 11 o'clock, and Acts 1888-89, p. 64, authorizes the opening of courts in the Fifth judicial circuit at 10 a. m. Indeed, it is conceded in brief of counsel that the court was legally opened, and the the grand jury findiing the indictmennt was legally organized, unless this act be unconstitutional, or unless it was repealed by Acts 1890 p. 68. This act only repeals the Code of 1886 in so far as it applies to the counties of Lamar, Franklin, Fayette, and Marion, and did not have the effect of revising and extending said section, so as to make it extend to counties which had been previously removed from its influence by subsequent acts. The subject as expressed in the title of the act was to amend said section 750 of the Code, so far as the same applies to the counties of Lamar, Fayette, Franklin, and Marion; in other words, to provide for the holding or opening of courts in these counties. The body of the act does attempt to re-enact the said section, as applied to the entire state, except as to these four counties; but to hold that said act regulated the opening of courts in all the counties of the state would render it much broader than its title indicates, and make it apply to a subject not clearly expressed in said title, and probably repugnant to section 45 of the Constitution of 1901.

It is also insisted that Acts 1888-89, p. 64, is violative of section 19, art. 4, of the Constitution of 1875, because it was so altered or amended as to change its original purpose; the change complained of being from a bill "to regulate and fix the time of opening courts in the Third

and Fifth circuits" to one "to regulate and fix the time of holding courts" in said counties. We do not think that this was a change of the original purpose of the act. "Opening" and "holding" as usesd in this connection, are synonymous. Opening is essential to holding, and holding court includes opening the court. The indictment, having been returned by a legally organized grand jury, was valid, and the trial court committed no reversible errors in the rulings upon the motions, pleas, and charges attacking the indictment, because not returned by a legal grand jury.

This case is treated upon the assumption that the statute with reference to the hour of opening court is mandatory; and, as the statute, was complied with, it is unnecessary for us to determine whether it was mandatory or directory.

While section 4914 of the Code of 1896 requires that indictments must be presented to the court by the foreman in the presence of at least 11 other jurors, we think that the record shows a compliance with this statute. It recites that it was returned into open court by the foreman in the presence of "all the other grand jurors." The record also shows that there were more than 11 other grand jurors.—*Russsell v. The State,* 33 Ala. 370.

Charge 3, requested by the defendant, asserted the law, and should have been given. Nor was it covered by given charge 2.

It is insisted that, while the offense for which the defendant was indicted was not barred by the statute of limitations, the one for which he was convicted, being a misdemeanor, was barred by section 4914 of the Code of 1896. It is true the only proof as to the commencement of the prosecution is the indictment, which was returned more than a year after the assault; but the point was raised only by the general charge, which did

[Letcher v. The State.]

not separate the misdemeanor from the felony, and, as, there was proof authorizing the jury to convict for the felony, the trial court properly refused the general charge.

As this case must be reversed, however, for other reasons, we may as well lay down the rule on this sub- ject as a guide upon the next trial, notwithstanding it may be dictum upon this appeal. The defendant hav- ing been acquited of the felony, the state will have to rely upon the misdemeanor, in the event the former acquittal of felony is pleaded by the defendant. Then, unless the proof shows that the prosecution was com- menced within a year after the commission of the said assault, the defendant will be entitled to an acquittal. The law is well settled on the subject: "If, on an in- dictment for a felony, the accused is found guilty of some less crime included in the felony and which consti- tutes a part of it, the convictiion cannot be sustained where the crime of which he is convicted is barred by the statute of limitations, although the crime for which he was indicted is not thus barred."—12 Cyc. 257. This rule is sanctioned in the cases of *Turley v. State,* 3 Heisk. (Tenn.) 11; *Fulcher v. State,* 33 Tex. Cr. R. 22, 24 S. W. 292; *Nelson v. State,* 17 Fla. 195; *State v. Mor- rison,* 31 La. Ann. 211; *Heward v. State,* 13 Smedes & M. (Miss.) 261; *People v. Miller,* 12 Cal. 291; *People v. Burt,* 51 Mich 199, 16 N. W. 378. The only authority to the contrary seems to be the case of *Clark v. State,* 12 Ga. 350.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL, SIMPSON, DENSON, and MAYFIELD, JJ., concur.

[Letcher v. The State.]

McCLELLAN, J.—(dissenting). The defendant was put to trial on an indictment charging an assault with intent to murder. This indictment was returned more than 12 months after the act for which the judgment of conviction now complained of by the defendant was committted. Accordingly, upon the sound holding made in the last paragraph of the opinion of the majority, the misdemeanor of which defendant was convicted was not embraced in the major charge of assault with intent to murder, unless taken out of the effect of that bar by proof that the offense charged was a continuance of a prosecution instituted against this defendant before the 12 months' bar stated operated to conclude a prosecution for the misdemeanor of which the defendant was attempted to be convicted. The bill of exceptionss purports to contain substantially all of the evidence aduced on the trial. No evidence, the effect of which was to avoid the bar stated, was offered.

In this state of the case I am of the opinion that the court was wholly without jurisdiction to render the judgment, under this indictment, for an assault with a weapon, a misdemeanor, as was here undertaken. The point has been, in my opinion, expressly decided in *McDowell v. State*, 61 Ala. 174, where it was said: "Although, however as was held in the first of these cases, the time when an offense was committed need not be alleged in the indictment, it must be proved on the trial that it was committed within the period which is prescribed as a bar against the prosecution for it. If this is not done, the prosecution fails. Why? Because, when the period of limitation elapsed, the act ceased to be a punishable offense. No court was then authorized to pronounce sentence against the person who committed it." The obvious result, in this case, was that no such offense as that of which the judgment condemns the defendant was em-

159—5

[Dial v. The State.]

braced in the major charge. The defendant was not charged with the misdemeanor, and the judgment assuming to so condemn him is a nullity, because the record shows that the court was without jurisdiction of the misdemeanor of which the court below attempted to adjudge the defendant guilty. Being so void for want of jurisdiction, it could not, of course, support an appeal.— 2 Ency. Pl. & Pr. p. 103, and note citing our decisions. There cannot be, it seems to me, such a thing as a reversal of a judgment shown to have been rendered without jurisdiction, because a reversal presupposes an appeal, and from a void (for want of jurisdiction) judgment an appeal will not lie.

Nor is there any merit in the suggestion that the defendant, if his appeal should be dismissed on the ground that it was void, as is my opinion should be done, would be left with the judgment below against him, for the reason that, if such dismissal was entered, it would be a final adjudication of the invalidity of the judgment, and the court below would not attempt its enforcement; but, if it did undertake to enforce it, prohibition and other remedies, it may be, would be subject to defendant's employment. To reverse this case on the presumption that evidence may be introduced to avoid the bar before stated is, in my opinion, to presume jurisdiction in the face of the record before us, which denies it.