## MORGAN v. STATE. (7 Div. 5.)

(Court of Appeals of Alabama. Oct. 7, 1924. Rehearing Denied Oct. 28, 1924.)

1. **Criminal law** ⬅️753(2)—**Refusal of affirmative charge for failure of proof as to time of crime, to which trial court's attention not called prior to argument, held not error.**

In prosecution for violation of prohibition law, in which state's failure to prove that offense was committed within 12 months before commencement of prosecution was not called to trial court's attention before conclusion of argument as required by circuit court rule No. 35 (175 Ala. xxi, xxii), refusal of affirmative charge predicated on failure of such proof was not error.

2. **Criminal law** ⬅️753(2)—**Rule stated that failure of proof as to matter not involving substantive right of defense should be called to court's attention before argument.**

Refusal of affirmative charge predicated on failure of proof as to time, venue, or other point not involving substantive right of defense, to which court's attention was not called before conclusion of argument, as required by circuit court rules, is not error.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Ed. Morgan was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Morgan, 212 Ala. 330, 102 So. 462.

Hugh Reed, of Center, for appellant.

The testimony is insufficient to show commission of the offense within 12 months before the commencement of the prosecution, and defendant was entitled to the affirmative charge. Code 1907, § 7347; Yancey v. State, 1 Ala. App. 226, 55 So. 267; Gleason v. State, 6 Ala. App. 49, 60 So. 518; Wetzell v. State, 3 Ala. App. 172, 57 So. 509; Kelly v. State, 171 Ala. 44, 55 So. 141.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no merit in appellant's contention for error. Circuit court rule 35, 175 Ala. xxi.

BRICKEN, P. J. From a conviction for violating the prohibition law, the defendant appealed.

The evidence adduced upon the trial of this case was in conflict. There was sufficient evidence to support the verdict of the jury, and to sustain the judgment. Throughout the entire trial no ruling of the court was invoked upon the admission of the testimony, and hence no exception reserved in this connection.

The only insistence of error here is the refusal by the court to give the general affirmative charge requested in writing by defendant. This insistence is based upon the contention that the state failed to prove that the offense complained of was committed within 12 months before the commencement of this prosecution.

[1, 2] It does not appear that this matter was brought to the attention of the trial court before the argument of the case was concluded. This the circuit court rules require, and, in the absence of a compliance therewith, in this connection, the trial court will not be put in error for refusing the affirmative charge predicated upon failure of proof as to *time*, venue, or any other point not involving a substantive right of defense. The purpose of this rule is manifest, for, if the question is properly brought to the attention of the trial court, proof of such omission must be permitted by the court at any time before the conclusion of the argument in the case. Under the status here we need not consider such merit, if any, as may appear in this, the only insistence of error. See circuit court rule 35, 175 Ala. xxi, xxii. The record proper is free from error. Let the judgment appealed from be affirmed.

Affirmed.