(105 So. 425)

### HOUK v. STATE.   (8 Div. 299.)

(Court of Appeals of Alabama.   June 30, 1925. Rehearing Denied Aug. 11, 1925.)

1. **Intoxicating liquors** ⬅⮞238(1)—**Affirmative charge, based on grounds of insufficiency of the testimony, held properly refused, where jury question presented.**

In liquor prosecution, affirmative charge, based on grounds of insufficiency of the testimony, *held* properly refused, where jury question was presented.

2. **Criminal law** ⬅⮞1036(8)—**Refusal of affirmative charge, because time of commission of offense was not shown, nor venue proven, held not ground for complaint.**

In liquor prosecution, refusal of affirmative charge, because time of alleged commission of offense was not shown, nor was it proven in what county offense was committed, *held* not ground for complaint, where such points were not brought to attention of trial court in compliance with circuit court rule No. 35.

Appeal from Circuit Court, Madison County; James E. Horton, Judge.

Alva Houk was convicted of violating the prohibition law, and he appeals.   Affirmed.

Watts & White, of Huntsville, for appellant.

Counsel argue that the evidence was insufficient to support a conviction, citing Clark v. State, 18 Ala. App. 217, 90 So. 16; Moon v. State, 19 Ala. App. 176, 95 So. 830; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Guin v. State, 19 Ala. App. 67, 94 So. 788; Moultrie v. State, 20 Ala. App. 258, 101 So. 335.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The question of defendant's guilt was one for the jury.   Glaze v. State, 20 Ala. App. 7, 100 So. 629.   Where the affirmative charge is requested on the theory that the time of the offense is not proven, the attention of the trial court must be directed thereto.   Circuit court rule 35.

BRICKEN, P. J. [1, 2] The evidence in this case has been read and considered by the court as a whole.   We are of the opinion that a jury question was presented.   This being true, the court properly refused to give the affirmative charge, based upon the grounds of the insufficiency of the testimony.   The cause appears to have been tried in the court below in an indifferent manner.   The time of the alleged commission of the offense was not shown, nor was it proven in what county the offense was committed.   But this appellant cannot here be given the benefit of these omissions, because of the failure upon his part to comply with the provision of circuit court rule 35.   Under this rule, whenever the general charge is requested, predicated upon failure of proof as to time, venue, or any other point not involving a substantive right of defense, the trial court will not be put in error for refusing said charge, unless it appears on appeal, that the point upon which it was asked was brought to the attention of the trial court, etc.   See Rules of Practice in the Circuit and Inferior Courts of Common-Law Jurisdiction, rule 35, Code 1923, p. 907, and citation of authorities.

Affirmed.