Abraham **CHAIFETZ**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 15662.

United States Court of Appeals
District of Columbia Circuit.

Argued June 24, 1960.

Decided Nov. 10, 1960.

Petition for Rehearing En Banc Denied
Dec. 7, 1960.

Mr. I. William Stempil, Washington, D. C., with whom Mr. Abraham Chaifetz, Washington, D. C., was on the brief, for appellant.

Mr. John D. Lane, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, WASHINGTON and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

Our appellant Chaifetz was indicted and tried on five counts for willfully attempting to evade federal income taxes for the calendar years 1951 through 1955, one count for each year. He was found not guilty on three counts and guilty on the third and fourth counts, relating to 1953 and 1954, respectively. He was given concurrent sentences on those convictions. This appeal followed.

In count three of the indictment, relating to the year 1953, Chaifetz was charged with the felony of willfully attempting evasion of income tax by filing a false and fraudulent income tax re-turn.[1] Rule 31(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides: "The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." Chaifetz contends the trial court erred in failing to submit to the jury as a lesser included offense the misdemeanor of willful failure to supply information required by law.[2]

Chaifetz asked the trial court to instruct the jury that, if it found he was not guilty of the felony but was guilty of the misdemeanor of failing to supply required information, it should find him guilty of the lesser offense. The entire requested instruction is in the margin.[3] Conviction on the lesser offense was barred by the statute of limitations. The judge denied the request.

The applicable statute of limitations read:

"No person shall be prosecuted, tried, or punished, for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within

1. Int.Rev.Code of 1939, § 145(b), 53 Stat. 63, 26 U.S.C.A. § 145(b).

2. Int.Rev.Code of 1939, § 145(a), 53 Stat. 62 (amended by 57 Stat. 144 (1943)).

3. The jury is instructed that with respect to the indictment alleging, for the years 1951 through 1955, a willful attempt to evade and defeat the payment of income taxes by the willful filing of a false and fraudulent return, there is within this charge a lesser included offense, namely, a violation of Section 145(a) of Title 26, 1939 Code, or Section 7203, Title 26 of the 1954 Code. This statute reads as follows:

"Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,-000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

The jury is instructed that if from the evidence they believe that the defendant was not guilty of a felony or greater charge, but was guilty of the misdemeanor, namely, that he willfully failed to supply "any information" upon which his proper tax could have been computed and you find it was done willfully, as this Court has defined the term to you, then it would be your duty to find him guilty of the lesser offense, and in your verdict you should say "guilty of violating the lesser included offense."

three years next after the commission of the offense, * * *."[4]

When this indictment was returned three years had elapsed since the commission of the alleged offense. So Chaifetz could not then be prosecuted, tried or punished for the lesser offense. We are of clear opinion that the trial judge was correct and that he should not have instructed as Chaifetz requested him to do.

■ The rule is well established that, when an accused is on trial for a felony (not barred by limitations), he cannot be convicted of a lesser included offense if the latter offense is barred. There are many cases on the point. References to a few, with their citations, will suffice. In State v. King[5] the Supreme Court of Appeals of West Virginia held that a person tried upon a felony indictment could not be convicted for an included misdemeanor barred by limitations. The defendant was indicted and tried for felonious assault. He was convicted of the misdemeanor of assault and battery. The trial court sentenced him. The appellate court set aside the verdict. It cited many cases in support of its view. And, to give another example, the Appellate Division of the Supreme Court of New York, in People v. Di Pasquale,[6] set aside a conviction for an attempt to commit murder, barred by limitations, when the trial was for murder, not barred. To the same effect is Letcher v. State,[7] in which the Supreme Court of Alabama remarked that "The law is well settled on the subject." Flatly, but without citations, the Supreme Court of Florida, in Perry v. State,[8] held that a trial court did not err in refusing to instruct a jury on lesser included offenses barred by limitations, where the indictment was for a felony not so barred. In Spears v. State[9] the Supreme Court of Alabama held:

> "The rule providing that every lesser offense is included in the one charged in the indictment applies and has reference only to every actionable offense and not the offenses which upon the face of the proceedings are barred by the statute of limitations, the operation of which rendered the court without jurisdiction to try and determine the so-called lesser offenses."

With many cases cited in support the rule is stated as follows in American Law Reports Annotated:

> "The rule supported by the overwhelming majority of cases is that one cannot be convicted of a lesser offense upon a prosecution for a greater crime which includes the lesser offense, commenced after the statute has run on the lesser offense."[10]

In cases in Texas[11] and Florida[12] it was held correct for the trial judge to instruct explicitly that the jury could not return verdicts of guilty to lesser offenses, ordinarily included, if convictions for those offenses were barred by limitations. The Supreme Court of Utah took a different view in State v. Crank[13] and held it to be error for the trial court even to mention to the jury lesser included offenses barred by limitations. Under either of these views the trial judge in the case presently at bar was correct.

■ As was pointed out by the Court of Appeals for the Sixth Circuit in Benes v. United States,[14] a statute of limitations in a criminal case, unlike such a statute in civil matters, is not merely a statute of repose but creates a bar to

4. Int.Rev.Code of 1939, § 3748(a), 53 Stat. 461, 26 U.S.C.A. § 3748(a).

5. 140 W.Va. 362, 84 S.E.2d 313, 47 A.L.R. 2d 878 (1954).

6. 161 App.Div. 196, 146 N.Y.S. 523 (1914).

7. 159 Ala. 59, 48 So. 805 (1909).

8. 103 Fla. 580, 137 So. 798 (1931).

9. 26 Ala.App. 376, 160 So. 727 (1935).

10. 47 A.L.R.2d 888 (1956).

11. McKinney v. State, 96 Tex.Cr.R. 342, 257 S.W. 258 (1923).

12. Blackmon v. State, 88 Fla. 188, 101 So. 319 (1924).

13. 105 Utah 332, 142 P.2d 178, 170 A.L.R. 542 (1943).

14. 276 F.2d 99 (6 Cir. 1960).

prosecution. Cases are cited in that opinion.

We had this problem in Askins v. United States,[15] and our present holding is in accord with that one. There the indictment was for first degree murder and the conviction was for murder in the second degree, the latter being then barred by limitations. We held the conviction to be barred, citing several of the cases hereinabove discussed.

It is true that the foregoing rule was developed as a response to efforts of zealous prosecutors to avoid the bar of a statute of limitations against lesser offenses. Faced with that bar, the Government upon occasion secured an indictment for a greater offense not so barred and then sought from court and jury a conviction of the lesser included offense. But the fact that in many of the cited cases the Government was seeking the instruction which would permit a verdict on the lesser offense, whereas in the case at bar the defendant is seeking that instruction, is immaterial. Instructions are the directions of the court as to the law in the case. They are the court's own directions. They are to be correct as to the applicable law. Who requests a given instruction makes no difference upon the problem of propriety. Of course a defendant can sometimes waive an instruction to which he is entitled, or fail to claim one; but a requested instruction must truly reflect the applicable law, no matter who requests it.

■ Since Chaifetz could not, at the time of his trial, have been convicted of the misdemeanor of failing to file required information for the year 1953, he was not entitled to have the trial judge tell the jury it could, or should, find him guilty of that offense.

■ As we have noted, Rule 31(c) of the Rules of Criminal Procedure provides that an accused is entitled to instructions on "necessarily included" offenses. But that rule is not to be read as conferring a blanket right without qualification.

Quite clearly it refers to offenses for which convictions might be had upon the proof adduced. Otherwise it would run counter to all accepted rules as to what a trial judge should or can charge a jury concerning permissible verdicts.

In the view which we take of this part of the case we do not reach the question whether the misdemeanor of failing to file required information was an offense "necessarily included" in the felony of willfully attempting to defeat or evade an income tax.

■ In count four the indictment charged willful attempt to evade income tax for 1954. The misdemeanor of willful failure to supply required information was not barred by limitations and was submitted to the jury by the trial court. The jury returned a verdict of "guilty of failing to supply information required by law". Chaifetz argues here that the verdict, omitting as it did the word "willful", was in effect a verdict of acquittal. The Government says that the conviction on this fourth count cannot stand, the premise for its conclusion being that this misdemeanor was not "necessarily included" in the felony charged. Therefore, the Government says, it was error for the trial court to submit the misdemeanor. The sentence on count four is less than, and concurrent with, that imposed on count three. Since we have found the conviction on the third count must be sustained, under familiar principles it is unnecessary for us to consider the questions raised with respect to the fourth count. We do not consider them.

It is further alleged that appellant's cause as to all counts was prejudiced by the conduct of the prosecutor and the deputy marshal, by the jury's failure to comply with certain admonitions from the court, and by the conduct of the court itself. We have carefully examined these and the other arguments presented. We find no error requiring reversal.

Affirmed.

15. 102 U.S.App.D.C. 198, 251 F.2d 909 (1958).