In December of 1984, the Grand Jury of Baldwin County returned two indictments against Hunter Hall, Jr. The first indictment charged this appellant with sexual abuse in the first degree. The victim in this case was the appellant's daughter, K. The second indictment charged the appellant with attempted sexual abuse in the first degree. The victim in this case was the appellant's daughter, A.
In April of 1985, these two indictments were nolprossed. That same month, two new indictments against appellant were returned by the Grand Jury of Baldwin County. The first indictment charged the appellant with rape in the second degree. The victim in this case was K. The second indictment charged the appellant with sexual abuse in the first degree. (A.).
These cases were consolidated for trial. Following trial, the jury found the appellant guilty of rape in the second degree (of K.) and attempted sexual abuse in the first degree (of A.).
The facts of this case will be briefly stated. K. testified that, some time around Thanksgiving of 1982, she went riding with her father, the appellant, in his car. After the two drank some beer, the appellant pulled the car underneath a bridge. The appellant then told K. how much he loved her and began hugging and "french kissing" her. At some point, the appellant put K. in the back seat and pulled his own and her pants down. The appellant then proceeded to have oral sex with K. and he put his fingers inside her vagina. He attempted to have sexual intercourse with her but only the head of the penis would penetrate her vagina so he gave up. The appellant also sucked her breasts.
The appellant then masturbated. After he had finished, he told K. not to feel guilty and they left and went home.
A. testified that she was 11 years old during the summer of 1983. On one occasion during the summer, she was in the bathroom when her father, the appellant, came in, unzipped his pants and pulled out *Page 1147 
his penis. The appellant asked A. to hold his penis but she did not touch it. This same event occurred several other times that year. A. also testified that the appellant at times had touched her on her breasts and buttocks.
K. and A. ran away from home in July of 1984. They were then removed from the home of the appellant.
The appellant denied all of the allegations except that he had pinched A's breast "on one occasion."
 I
The appellant contends he was placed in double jeopardy because he was charged with and convicted in juvenile court of the same charges which are the subject of this appeal.
The only evidence before this court, beside the allegations contained in the appellant's brief, concerning this prior juvenile proceeding, is testimony that K. and A. were removed from the appellant's home. There is no reference in the record of the charges which were brought against the appellant in juvenile court or the juvenile court's disposition of those charges.
This court is bound by the record and cannot consider allegations in brief which are not disclosed or supported by the record. Moore v. State, 457 So.2d 981 (Ala.Crim.App.), cert. denied, 457 So.2d 981 (Ala. 1984), cert. denied,470 U.S. 1053, 105 S.Ct. 1757, 84 L.Ed.2d 820 (1985); Williams v. State,383 So.2d 547 (Ala.Crim.App. 1979), affirmed, 383 So.2d 564
(Ala. 1980), cert. denied, 449 U.S. 995, 101 S.Ct. 534,66 L.Ed.2d 293 (1981). Edwards v. State, 287 Ala. 588,253 So.2d 513 (1971).
Thus, this issue is not properly before this court for review.
 II
In December of 1984, this appellant was initially indicted for the attempted sexual abuse in the first degree of A. (R. 261-62). Attempted sexual abuse in the first degree is a misdemeanor and had a 12 month statute of limitation at that time.[1] In April of 1985, this case was nol-prossed and the appellant was indicted for the sexual abuse in the first degree of A. (R. 280, 335-36). Sexual abuse in the first degree is a felony and had a three year statute of limitation at this time.[2] The acts which are the subject of these two indictments allegedly occurred during the summer of 1983.
At trial, the court instructed the jury on the offense of sexual abuse in the first degree and the lesser included offense of attempted sexual abuse in the first degree. The jury found the appellant guilty of the lesser included offense of attempted sexual abuse in the first degree.
The appellant now contends on appeal that his conviction for attempted sexual abuse in the first degree was barred by the statute of limitations.[3] The appellant asserts that the attempted sexual abuse in the first degree indictment was nol-prossed because of the statute of limitations and the appellant was reindicted for sexual abuse in the first degree in order to avoid the 12 month statute of limitations for attempted sexual abuse in the first degree.
Although there is no indication in the record as to why the initial indictment was nol-prossed, we must agree that the appellant's indictment in December of 1984 for attempted sexual abuse in the first degree was barred by the statute of limitations as was the later conviction on the charge of attempted sexual abuse in the first degree as a lesser included offense of *Page 1148 
sexual abuse in the first degree as charged in this indictment, returned in April of 1985.
Whether this prosecution commenced in December of 1984 or April of 1985, the 12 month statute of limitations had run on the offense of attempted sexual abuse in the first degree because the commission of the acts constituting this offense occurred during the summer of 1983.[4]
A person cannot be convicted of a lesser offense, upon prosecution for a greater offense, which includes the lesser offense, commenced after the statute of limitations has run on the lesser offense. See generally 47 A.L.R.2d 887.
"The rule providing that every lesser included offense is included in the one charged in the indictment applies and has reference only to every actionable offense and not the offenses which upon the face of the proceedings are barred by the statute of limitations, the operation of which rendered the court without jurisdiction to try and determine the so-called lesser offenses." Spears v. State, 26 Ala. App. 376, 160 So. 727
(1935).
Thus, since the statute of limitations had run on the offense of "attempted sexual abuse in the first degree," this offense was not a viable crime for which the appellant could be convicted and, therefore, his conviction thereon is a nullity.Spears, supra.
We must address one additional matter relevant to this issue. During trial, the appellant submitted a written requested charge on attempted sexual abuse in the first degree (R. 319). The instruction was given by the trial judge. Thus, there is a question of whether the appellant's actions, in requesting the charge on attempted sexual abuse in the first degree, waived the statute of limitations and thereby caused the offense of attempted sexual abuse in the first degree to become a viable charge, permitting a conviction of this offense. This court has held that "[w]here the trial court's jurisdiction has completely lapsed, as though it never existed, [as in the case here, see Spears, supra] jurisdiction cannot be revived by waiver or by agreement of the parties." Shepard v. State,347 So.2d 1017 (Ala.Crim.App. 1977).
However, this precise issue before us has been recently addressed in Florida and the court there held that the statute of limitations can be waived in certain limited situations.
In Tucker v. State, 417 So.2d 1006 (Fla.App., 3rd Dist. 1982), the court stated that, although "[t]he right not to be convicted of an offense for which prosecution is barred by limiting statute is substantive[5] and fundamental." "[a] defendant who believes that a criminal statute of limitations no longer works to his advantage should be permitted to waive that statute either before trial or before the jury retires."Tucker, supra, at 1013.
However, the court went on to say that the waiver "must meet the same strict standards which courts have applied in determining whether there has been an effective waiver as to other fundamental rights." Tucker, supra at 1013. In other words, the waiver must be express and certain, not implied or equivocal. Tucker, supra.
In holding that a "request for an instruction on a lesser included offense is not an express waiver of the right not to be prosecuted and convicted for an offense for which the statute of limitations has run," the Florida court stated that an effective waiver of the statute of limitations should be in writing and included in the record or the record should reveal an express oral waiver made in open court by the defendant *Page 1149 
or his counsel in his presence. Tucker, supra, at 1013.
The reasoning of the Florida court is sound and persuasive in this matter. Thus, we conclude that an accused may waive the statute of limitations, but only under certain limited circumstances. Those circumstances are not present in this record. Although the appellant did request a charge on the lesser included offense of "attempted sexual abuse in the first degree," there is no indication in the record that he intended to waive his right to plead the statute of limitations. In fact, there is evidence in this record to the contrary.
Thus, we hold that the appellant's conviction for attempted sexual abuse in the first degree was barred by the statute of limitations. Therefore, his conviction for this offense is due to be reversed and rendered.
Our review of the record leads us to conclude that the appellant's conviction for rape in the second degree should be upheld. Thus, the judgment of the trial court as to this conviction is due to be, and is hereby affirmed.
REVERSED AND RENDERED IN PART, AFFIRMED IN PART.
All the Judges concur.
[1] After January 7, 1985, there is no limitation of time for prosecution of "[a]ny sex offense involving a victim under 16 years of age. . . ." Ala. Code, § 15-3-5 (4) (1975).
[2] See footnote 1.
[3] This issue is properly before this court. Rule 16.2 (d) Alabama Temporary Rules of Criminal Procedure states that lack of subject matter jurisdiction may be raised at any time during the pendency of the proceeding, even on appeal. See Smith v.State, 470 So.2d 1365 (Ala.Crim.App. 1985); Spears v. State,26 Ala. App. 376, 160 So. 727 (1935). There is also some indication in the record that this problem was raised during trial. (R. 129-30).
[4] The State alleges that the acts which are the subject of the indictment occurred continuously until July of 1984 when A. left home. Proof of this fact is not evident from this record and thus, the State failed to prove that the offense was committed within the period of limitations. Spears v. State,26 Ala. App. 376, 160 So. 727 (1935).
[5] The statute of limitations is also a substantive right in Alabama. Stoner v. State, 418 So.2d 171 (Ala.Crim.App.), cert. denied, 418 So.2d 184 (Ala. 1982).