BURKE, Judge.
Anthony Mitchell Money was convicted of criminally negligent homicide, a violation of § 13A-6-4, Ala.Code 1975, and was sentenced to one year of hard labor in the Henry County jail. He was also ordered to pay a $750 fine, a $100 assessment to the crime victims compensation fund, court costs, and restitution. This appeal follows.
A detailed recitation of the facts is unnecessary to the disposition of this appeal.[1] However, we note that this case arose out of an incident that occurred on or about October 17, 2006, when Money and his girlfriend, Mary Curry, got into an argument while riding in Money’s vehicle. The altercation became physical and, at some point, Money pulled over, and he and Curry got out of the vehicle. A few moments later, Curry, who was lying in the middle of the road, was struck and killed by an oncoming vehicle. There were no eyewitnesses to the events leading up to the point where Curry was killed. Accordingly, there was a dispute as to why Curry was lying in the middle of the road. The State claimed that Money rendered Curry dazed or unconscious and then failed to remove her from the path of oncoming traffic. Money claimed that Curry lay down in the road of her own volition and refused to move despite his attempts to remove her.
Money was indicted for reckless manslaughter, a Class B felony. See § 13A-6-3, Ala.Code 1975. However, he was convicted of the lesser-included offense of criminally negligent homicide, a Class A misdemeanor. On appeal, Money points out that the incident giving rise to his prosecution occurred on or about October 17, 2006, and that he was not indicted until June 8, 2009. He also correctly states that the statute of limitations for a misdemeanor offense is 12 months. See § 15-3-2, Ala.Code 1975 (“Unless otherwise provided, the prosecution of all misdemeanors before a circuit or district court must be commenced within 12 months after the commission of the offense.”) Therefore, he says, the trial court did not have jurisdiction to try and convict him for criminally negligent homicide because the prosecution did not commence within the applicable statute of limitations.
Money first raised this issue in his post-trial “Instanter Motion to Dismiss.” (C. 70-72.) In denying that motion, the trial court found that “it is the charged offense that is looked at to determine if the applicable statute of limitations had run, not the lesser included offense that the Defendant was convicted of’ (C. 75), citing Rock v. State, 558 So.2d 967 (Ala.Crim.App.1989). Accordingly, the trial court held that because Money was indicted for a felony, for which the statute of limitations is three years, see § 15-3-1, Ala.Code 1975, the prosecution was commenced within the applicable time period. On appeal, the State also cited Rock and argued that it is the charged offense that is used in order to determine the applicable statute of limitations.
In his brief on appeal, Money cites Hall v. State, 497 So.2d 1145 (Ala.Crim.App.1986), in which this Court addressed a similar situation. In Hall, the appellant was indicted for first-degree sexual abuse but was convicted of a lesser-included offense that, at the time, was a misdemean- or. This Court held:
“A person cannot be convicted of a lesser offense, upon prosecution for a greater offense, which includes the less *335 er offense, commenced after the statute of limitations has run on the lesser offense. See generally 47 A.L.R.2d 887.
“ ‘The rule providing that every lesser included offense is included in the one charged in the indictment applies and has reference only to every actionable offense and not the offenses which upon the face of the proceedings are barred by the statute of limitations, the operation of which rendered the court without jurisdiction to try and determine the so-called lesser offenses.’ ”
Hall, 497 So.2d, at 1148, quoting Spears v. State, 26 Ala.App. 376, 160 So. 727 (1935). Therefore, according to Money, the trial court did not have jurisdiction to try and convict him for the misdemeanor offense of criminally negligent homicide, even though he was indicted for the felony offense of reckless manslaughter.
Thus, it appears that Rock conflicts with Hall and Spears. We must determine whether a person who is properly indicted for a felony may be convicted of a lesser-included misdemeanor if the prosecution for the felony was not commenced until after the statute of limitations applicable to the misdemeanor has expired. Cases involving issues of law and the application of the law to undisputed facts are reviewed by this Court de novo. See Ex parte Hamilton, 970 So.2d 285, 287 (Ala.2006).
A close reading of Rock v. State reveals that the portion of that opinion the trial court relied on was dicta and was unnecessary to the holding of the case. In Rock, the appellant was indicted for first-degree sexual abuse but was convicted of the lesser-included offense of second-degree sexual abuse, a Class A misdemeanor. However, he was not indicted within 12 months of the charged conduct. On appeal, the appellant argued that the statute of limitations had expired for his misdemeanor charge. In affirming the conviction, this Court stated that “[i]t is the charged offense that we look at to determine if the statute of limitations had run, not the lesser included offense that appellant was convicted of.” Rock, 558 So.2d at 970. However, no prior cases were cited in support of that proposition, and the Court went on to note that the statute of limitations had not expired for the appellant’s misdemean- or charge because the victim was less than 16 years of age. Section 15-3-5(a)(4), Ala. Code 1975, provides that “[tjhere is no limitation of time within which a prosecution must be commenced for ... [a]ny sex offense involving a victim under 16 years of age, regardless of whether it involves force or serious physical injury or death.... ” Accordingly, the language in Rock stating that a court is to look to the charged offense to determine the applicable statute of limitations was unnecessary to the decision in the case because there was no statute of limitations on the offense underlying the appellant’s misdemeanor charge.
However, the facts of Hall are more similar to the present case. As noted, the appellant in Hall was indicted for first-degree sexual abuse but was convicted of the lesser-included offense of attempted first-degree sexual abuse.[2] This Court held that
“the 12 month statute of limitations had run on the offense of attempted sexual *336 abuse in the first degree because the commission of the acts constituting this offense occurred during the summer of 1983.[3] A person cannot be convicted of a lesser offense, upon prosecution for a greater offense, which includes the lesser offense, commenced after the statute of limitations has run on the lesser offense.”
Id. at 1148.
The Hall decision also cited Spears v. State, 26 Ala.App. 376, 160 So. 727 (1935). In Spears, the appellant was indicted for “assault with intent to murder,” a felony, but was convicted of “assault and battery, a misdemeanor.” Id. at 728. In similarity to this case and to Hall, the appellant was not indicted until almost two years after the relevant conduct occurred. The Court of Appeals of Alabama reversed the conviction for the lesser-included misdemean- or offense and held:
“By the verdict of the jury, supra, the accused was acquitted of the offense of assault with intent to murder; and, as it affirmatively appears, without dispute, that the statute of limitations had run as to the other offenses ordinarily included under the charge in the indictment, the charge of assault with intent to murder was the only actionable offense in this indictment. Under this status the court was wrong in charging the jury to the effect that this indictment included also the charges of assault and battery and assault, and that the jury would be warranted in finding him guilty of assault and battery, or an assault. The rule providing that every lesser offense is included in the one charged in the indictment applies and has reference only to every actionable offense and not the offenses which upon the face of the proceedings are barred by the statute of limitations, the operation of which rendered the court without jurisdiction to try and determine the so-called lesser offenses. In other words, the misdemeanor of which the defendant was convicted was not embraced in the major charge of assault with intent to murder. Nor could it have been as the running of the statute of limitations had rendered the charge unactionable. The time when an offense was committed need not be alleged in the indictment, but it is essential it must be proved on the trial that it was committed -within the period, which is prescribed as a bar against the prosecution for it. If this is not done, the prosecution fails. Why? Because, when the period of limitation elapsed, the act ceased to be a punishable offense. No court was then authorized to pronounce sentence against the person who committed it.”
Spears, 160 So. at 728.
Thus, a trial court does not have the statutory authority to adjudicate a misdemeanor offense unless the defendant is indicted, bound over, or a warrant for his or her arrest has been issued within 12 months of the commission of the offense. Hall and Spears embrace this principle. Accordingly, to the extent that the language in Rock is contrary to Hall and Spears on this issue, it is hereby disavowed.
Section 12-11-30(2), Ala.Code 1975, provides that a “circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge.” However, § 15-3-2, Ala.Code 1975, provides that “the prosecution of all misdemeanors before a circuit or district court must be commenced within 12 *337 months after the commission of the offense.” Furthermore, § 15-3-7, Ala.Code 1975, provides that “[a] prosecution maybe commenced within the meaning of [§ 15-3-2] by finding an indictment, the issuing of a warrant or by binding over the offender.”
It is undisputed that the conduct giving rise to Money’s prosecution occurred on or about October 17, 2006, and that Money was not indicted until June 8, 2009. Additionally, we note that a warrant for his arrest was not issued until June 9, 2009. Therefore, the prosecution of Money’s case did not commence until June 8, 2009, more than two years after the charged conduct occurred. Based on those facts, as well as the cases and statutes discussed above, we conclude that the charge of criminally negligent homicide was not embraced in the greater charge of reckless manslaughter. Accordingly, the trial court did not have the authority to convict Money for criminally negligent homicide. To hold otherwise would be contrary to the Alabama Code.
In its order, the trial court also noted that, while Money objected to the jury charge on criminally negligent homicide, he did not state specific grounds for his objection. (C. 74.) Ordinarily, “ ‘[r]e-view on appeal is restricted to questions and issues properly and timely raised at trial.’ ” Newsome v. State, 570 So.2d 703, 717 (Ala.Crim.App.1989). However, this Court has held that claims such as the one raised in the present case can be raised on appeal.
“Although Alabama law is not entirely clear on the question whether a court presiding over a prosecution barred by the statute of limitations is without ‘jurisdiction,’ a synthesis of the Alabama cases indicates that a statute of limitations defect must be considered ‘jurisdictional,’ in the sense that the trial court is not authorized to pronounce the accused guilty of the time-barred offense. Notwithstanding the fact that in certain special circumstances where the bar of the statute may be expressly waived when it does not operate in the defendant’s favor, see Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984); Hall v. State, 497 So.2d 1145 (Ala.Cr.App.1986), under ordinary circumstances the bar of the statute is not waived by a mere failure to assert it, and the statute of limitations may be properly asserted on appeal or in a petition for post-conviction relief.”
Cox v. State, 585 So.2d 182, 193 (Ala.Crim.App.l991)(emphasis added). Therefore, this issue is properly before this Court for review.
Cox also distinguished issues such as the one presented in this case, where the trial court lacked the authority to convict a defendant of a time-barred offense, from instances in which a trial court would be without subject-matter jurisdiction. In Cox, this Court held:
“Instead of alleging that the circuit court had no subject-matter jurisdiction over the conspiracy prosecution, it is more accurate to state that, once the court was shown that the prosecution was barred by the statute of limitations, the court had no ‘jurisdiction to try the question of the guilt or innocence of the accused.’ Serfass v. United States, 420 U.S. [377] at 391, 95 S.Ct. [1055] at 1064 [(1975) ], (quoting Kepner v. United States, 195 U.S. 100, 133, 24 S.Ct. 797, 806, 49 L.Ed. 114 (1904)).”
Cox v. State, 585 So.2d 182, 193-94 (Ala.Crim.App.1991).
This is consistent with Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006), in which the Alabama Supreme Court held that in deciding whether a claim “properly *338 challenges the trial court’s subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the offense with which” the defendant was charged. Accordingly, we hold that, although the trial court had subject-matter jurisdiction over the offenses Money was charged with, it did not have the authority to convict him of the time-barred misdemeanor.
Therefore, Money’s conviction is void and must be reversed. Additionally, we note that the jury’s verdict convicting Money of the lesser-included offense operates as an implicit acquittal of the greater offense. See Ex parte Gillentine, 980 So.2d 966, 972 (Ala.2007).
Based on the foregoing, the judgment of the trial court is reversed, and a judgment is rendered in favor of Money.
REVERSED AND JUDGMENT RENDERED.
WELCH, KELLUM, and JOINER, JJ„ concur. WINDOM, P.J., concurs in the result.

. Money raises five arguments on appeal. However, because we are reversing the conviction based on Money's argument relating to the expiration of the statute of limitations, we need not address the remaining arguments.

. Although the victim in Hall was less than 16 years of age, the charged conduct in that case occurred before January 7, 1985, the effective date of § 15-3-5(a)(4), Ala.Code 1975, which eliminated the statute of limitations for such offenses. Accordingly, at the time the appellant in Hall was convicted, the applicable statute of limitations for attempted first-degree sexual abuse of a minor was 12 months.

. The appellant was not indicted until April 1985.